## LOUIS TIEMAN v. G. W. L. BAKER.

(Case No. 4843.)

1. PARTITION.— Where a life estate extends to only a portion of a tract of land, the owner of the remaining interest, whether in fee or for life, may enforce partition. But where the right to possess the entire property exists in one holding a life estate therein, if such person has no other estate, no right to partition exists.
2. SAME.— But if one by purchase or otherwise owns a life estate in land, and owns also a fee-simple interest in an undivided one-half thereof, he is entitled to have partition thereof.
3. SAME.— The statute, in its provisions regarding partition, does not contemplate that either the court or jury should determine, in the first instance, whether the land is susceptible of partition. That fact is decided first by the commissioners, and only after their report that a fair and equitable division cannot be made, is the court empowered to order a sale to effect partition.

APPEAL from Guadalupe. Tried below before the Hon. Everett Lewis.

*W. E. Goodrich*, for appellant.

*Jas. H. Burts*, for appellee, on application for rehearing, cited: Freeman on Co-tenancy and Partition, secs. 338, 440, 441, 482; Freeman on Remainders, vol. 1, p. 338; Bouvier's Institutes, vol. 5,

pp. 82, 93; Packard *v.* Packard, 16 Pick., 194; Geigler *v.* Green, 6 Watts, 106; Noren *v.* Wilson, 5 Humph., 310; Ellis *v.* Rhone, 17 Tex., 131; Payne *v.* Benham, 16 Tex., 364; Robertson *v.* Robertson, 2 Swan, 201; Rich *v.* Lord, 18 Pick., 322; Mussy *v.* Sanborn, 18 Mass., 155; Mitchell *v.* Starback, 10 Mass., 5; Ackley *v.* Dagert, 33 Barb., 176, and Ricker *v.* Dart, 4 Edw. (N. Y.), 668.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by appellee to obtain partition of a lot in the town of Seguin.

The petition alleges that the appellee " is the owner of nearly the entire interest in a certain lot of ground in the town of Seguin," giving a description of the lot by its number and block, and that " Louis Tieman . . . claims to be a part owner of said property; and petitioner is of opinion that said Tieman has some interest in the same, but it is indefinite and very small. That, in the year 18—, by the judgment and decree of the supreme court of the state of Texas, said property, and the whole thereof, was set apart and decreed to Mrs. Matilda Tieman during her natural life. That the title owned by petitioner is the title so set apart to said Matilda Tieman."

It is further alleged that "said property was originally, and prior to said decree, community property between said Louis and Matilda," and that the same is incapable of actual partition; and it is prayed that the property be sold and the proceeds divided.

Demurrers, general and special, were urged by the defendant, and were overruled.

The special demurrer was as follows: " That the petition admits that defendant owns an interest in the property after the death of the one for whose life the same is held, and that there is no law to partition a reversionary interest; and of this defendant prays judgment."

The first declaration of the interest or estate claimed by the plaintiff is very indefinite; " nearly the entire interest " is rather the statement of a conclusion of law than the averment of a fact, and as qualified by the succeeding statement, " that the title owned by petitioner is the title so set apart to said Matilda Tieman," it only being averred that a life estate in the entire lot was set apart to her by the decree of the supreme court, the construction would be that the plaintiff only held a life estate in the entire lot. There is an averment that prior to the date of the decree the lot was of the community between Louis and Matilda Tieman, but there is no averment that the plaintiff had acquired the community interest

which either of these persons owned, otherwise than as that may be affected by the life estate vested in Matilda Tieman, of which the plaintiff alleged he was the owner.

Such being considered the effect of the averments of the petition they clearly showed that there could be no possible necessity for a partition of the lot; for such a title and estate would give to the plaintiff the right to possess the entire lot. If the life estate owned by the plaintiff had extended to only a part of the lot, under the statutes of this state, we have no doubt that, as against the owner of the life or other estate in the residue of the lot, the plaintiff would be entitled to partition; for the statute declares that "any joint owner or claimant of any real estate, *or of any interest therein*, may compel a partition thereof," etc. R. S., 3465.

And it may be that in such case, with the owners of the entire estate, including reversioners or remaindermen, before the court, the property might be sold, *if necessary*, to secure to the holder of only a life estate his exclusive and specific interest. This, however, is not entirely clear, for the statute declares: "When a partition is made between a joint owner who holds an estate for a term of years or for life, with others who hold equal or greater estates, such partition shall not be prejudicial to those entitled to the reversion or remainder of such estates." R. S., 3481; Van Arsdale *v.* Drake, 2 Barb., 600.

The very purpose of partition is to enable one holding or entitled to hold with others an undivided possession, to sever that possession and right, and thenceforth to hold an exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possess.

When the right to possess the entire property exists in one holding a life estate, if such person has no other estate, no right to partition exists; for it could confer no benefit, as no higher estate can be acquired by partition.

From this it follows that the demurrers to the petition should have been sustained.

If, however, the appellee has the right to the possession of the entire lot during the life of Matilda Tieman (Mrs. Muhlback), and owns in fee-simple an undivided one-half of the lot, then he is entitled to have the property partitioned, for this may be necessary to that use and enjoyment of his interest in the property which as owner of the fee he is entitled to. He may desire to build on or improve his share of the property in such manner as he could not safely do on property of which the fee is held by himself and an-

other; for he would not be entitled to compensation from his co-owner for improvements made without the request of such person, unless this could be given by setting apart to him in partition at some future time that part of the lot on which improvements might be made.

In Virginia, under a statute not materially differing from the statute of this state, it was held that a tenant by curtesy who had purchased the reversionary interest of one of three heirs might have partition. Otley v. McAlpin, 2 Gratt., 340. Practically the same ruling was made in Morgan v. State, 11 Ohio, 389.

It is unnecessary in this case to consider whether, under the statutes of this state, one holding a reversionary interest or an estate in remainder in common with others may have partition.

The appellant pleaded in bar of the action the decree of this court vesting a life estate in Mrs. Tieman, but the full effect of that decree, which is found in the record, cannot be determined without a knowledge of the issues made in the case in which the decree was rendered.

In so far as that decree may affect the right of the parties, it declares that "It is further considered, adjudged and ordered that the defendant in error, Matilda Tieman, shall have the sole use and right to occupy the house and lot situated in the town of Seguin, to wit, lot No. 5, block No. 37, of the inner lots of Seguin, for and during the time of her natural life."

The issue tried, and thus determined, may have been such as to settle the right and extent of interest of the respective parties in the lot in controversy in this cause, or it may not.

Brief of counsel refer us to the case of Tiemann v. Tiemann, reported in 34 Tex., 524, but we cannot consider the report of that case as a part of the record in this; if, however, we could, it would throw no light upon the question under consideration.

The court submitted to the jury whether the lot was susceptible of partition, and they found that it was not.

There was, however, no evidence upon which to base this finding.

The statute does not contemplate that this question shall be decided by the court or jury trying a partition suit in the first instance.

The statute provides: "Should the commissioners be of the opinion that a fair and equitable division of the real estate, or of any part thereof, cannot be made, they shall report the fact to the court in writing and under oath, stating their reasons for such opinion, and if the court should be satisfied that the report of the commissioners is correct, it shall order a sale of so much of such real estate

as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution, and the proceeds thereof shall be returned into court and partitioned by the court between the persons entitled thereto according to their respective interests therein." R. S., 3479.

This report may be contested by either party and an issue thereon tried as in other cases. R. S., 3480.

These proceedings are statutory and should be in accordance with its directions. Freeman on Co-tenancy and Partition, 543.

For the errors mentioned the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 13, 1885.]