## HUMBLE OIL & REFINING CO. v. LASSETER et al.

### No. 4797.

Court of Civil Appeals of Texas. Texarkana.

May 16, 1936.

Rehearing Denied June 4, 1936.

Robt. F. Higgins and R. E. Seagler, both of Houston, for appellant.

Lasseter, Simpson & Spruiell, of Tyler, for appellees.

SELLERS, Justice.

In 1912 Henry Belcher acquired title to an undivided $\frac{82}{1760}$ interest in 30.47 acres of land located in Rusk county and also located in what is known as the East Texas oil field. H. E. Lasseter, Gordon Simpson, Z. J. Spruiell, and Oran Lowry, prior to the filing of this suit, acquired title to one-half Henry Belcher's interest in the land. The remaining interest in the 30.47 acres of land is owned by some forty other parties who have executed to the Humble Oil & Refining Company an oil and gas lease on their undivided interests in the tract. The Humble Oil & Refining Company under this lease has drilled two wells on the land, both of which are producing oil. This suit was brought by the guardian of Henry Belcher, a person of unsound mind, H. E. Lasseter, Gordon Simpson, Z. J. Spruiell, and Oran Lowry against the Humble Oil & Refining Company and all the others who own an interest in the land seeking to partition the 30.47-acre tract of land. After this suit was filed, J. M. Stephens purchased the interest of Henry Belcher in this tract of land and was permitted to intervene in the suit. The case was tried to the court without a jury, and resulted in a judgment ordering a partition in kind of the land, plaintiffs and intervener to have set apart to them jointly $\frac{41}{880}$ interest in it, and the defendants, not desiring partition among themselves, were awarded the balance of the land. The Humble Oil & Refining Company was decreed the two oil wells and all machinery used in connecttion therewith, and such property was ordered partitioned so as to give the Humble Oil & Refining Company all its improvements. From this judgment the defendant Humble Oil & Refining Company has appealed to this court.

It will be borne in mind that this is a suit to partition the land in fee simple as well as the mineral estate. The real value of the land, however, lies in the fact that such land is known to produce oil in paying quantities. Before mentioning the contentions of appellant on this appeal, it may be well to refer to one or two rules of law, well settled in this state, which may be used as a guide in arriving at a proper conclusion of the points made by appellant.

It is well settled that the law favors a partition in kind, rather than a sale and a partition of the proceeds. Henderson v. Chesley (Tex.Civ.App.) 273 S.W. 299. This case is also authority for the rule that in partition of mineral estates in land where there has been no development or exploration for minerals of any kind it is the duty of the court to assume, for purpose of partition, that each acre of land contains an equal amount of minerals, and partition the same by dividing the surface. The reason for limiting this rule of partition to undeveloped mineral land is obvious, for it is now a known fact that in many instances oil will be produced from one part of a tract of land while the other part of the same tract will not produce oil at all. In this situation some courts, as well as text-writers, have held that producing oil land is not susceptible of partition.

In the case being considered we have a different situation. Every acre of the tract involved is admittedly oil-producing land. This tract is a part of the great East Texas Oil Field, and our Supreme Court in Brown v. Humble Oil & Refining Company, 83 S.W.(2d) 935, 940, 99 A.L.R. 1107, wherein it was dealing with a tract of land in this field, took occasion to say: "It is now, however, recognized that when an oil field has been fairly tested and developed, experts can determine approximately the amount of oil and gas in place in a common pool."

When we treat the tract of land here involved as of equal value, acre for acre, we are of the opinion that the rule for partition adopted in Henderson v. Chesley, supra, should be adopted in this case, and the mineral estate divided by a division of the surface of the land as was done by the trial court.

Appellant assigns as error the judgment of the trial court in awarding a partition in kind, in that such a partition is inequitable under the conservation laws of this state, and contend that for this reason the court should have ordered a sale of the land and a division of the proceeds. Appellant's proposition is as follows: "The trial court was in error in directing a partition in kind, where, as in this case, the appellees owned only an undivided $\frac{82}{1760}$ interest in a tract of 30.47

acres of developed and producing oil lands, being approximately an undivided 1½ acres, and the other co-tenant of the oil and gas leasehold estate, appellant, owned the remaining $1678/1760$ undivided interest, or approximately 29 undivided acres, and where under the undisputed facts it appeared that a division in kind according to surface lines was unfair and inequitable, it being shown that appellant would likely have a maximum of three wells on its 29 acres, as against appellees' one well on 1½ acres, thereby giving to appellees one-fourth the value of the entire lease, when they owned only a ½0 interest therein, and it being further shown that surface lines had no relation to the drainage area of an oil well, and that in this area one well would drain approximately 10 acres, and further, that at the time of the trial the East Texas oil field, of which the land in suit was a part, was only supporting one well to 8.77 acres, and that the area adjacent to this land was only supporting one well to 10.71 acres, and, further, that if the division in kind was made and awarded on a basis of surface acreage, it would result in appellees having a per-acre allowable, under rules of the Railroad Commission, approximately eight times the per-acre allowable awarded to appellants, and that by reason of all such facts the award to appellees would be greatly disproportionate to their interest in the land, would seriously injure appellant in the enjoyment of its interest, and would be neither equal, fair, nor just, and accordingly, would be in violation both of rules of equity and of statutory provisions which contemplate that no division in kind should be directed unless such division can be made in a fair, just and equitable manner."

. We do not believe appellant's contention should be sustained. Surely the inequities complained of will not necessarily follow a partition of the land in kind. The whole business of regulating the production of oil and gas in Texas has been intrusted to the Railroad Commission of the state by the Legislature, and it is made the duty of such commission to prevent just such inequities as appellant asserts will follow a partition in kind of the land. Brown v. Humble Oil & Refining Co., supra. In this case our Supreme Court reviewed at length rule 37 and the right of the commission to grant exceptions to

it, and held that it was the duty of the Railroad Commission in granting exceptions to rule 37 to limit the flow of oil from wells drilled under such exceptions to the extent necessary to overcome any advantage such a well might have over one which had complied with the rule. And in this connection the court further said: "No unreasonable hardships need result, if the rule is faithfully impartially applied by those authorized by law to administer it."

It seems to us that the legal effect of sustaining appellant's contention under the facts of this case would be to substitute the judgment of the district court on matters which are by law placed exclusively in the first instance in the jurisdiction and discretion of the Railroad Commission of this state.

The judgment is affirmed.