ADAMS v. ADAMS et al.
No. 2720.

Court of Civil Appeals of Texas. Waco.
Oct. 16, 1947.

Rehearing Denied Nov. 20, 1947.

Tyson, Dawson & Dawson, of Corsicana, for appellant.

C. L. Milburn, J. S. Simkins and W. D. Ralston, all of Corsicana, for appellees.

HALE, Justice.

Josie Adams instituted this suit on January 25, 1944, against Clemmie Adams and others as an action to try title to 4½ adjacent lots situated in Corsicana and for partition thereof. Plaintiff alleged in substance that she and the several defendants were jointly the sole owners of the property, setting up the interest owned by each, and that Clemmie Adams had wrongfully ousted plaintiff and the other defendants from possession of the entire property and was claiming the same as her own. Clemmie Adams answered with a claim of ownership of the entire property, basing her claim upon allegations of oral gift and adverse possession under the 10 year statute of limitations. In the alternative, she further pleaded that the property constituted her homestead and, in the event the court should determine that she owned only an undivided ⅜ths interest therein as alleged by plaintiff, she sought to have the property partitioned in kind and to have her interest in the same set apart to her in such manner as to preserve her homestead rights. The other defendants, being nonresidents of Texas and having been cited by publication, did not appear in person

or by an attorney of their selection but they were jointly represented by a court appointed attorney ad litem who answered for them with a general denial.

The issues thus raised by the pleadings were tried before a jury. Upon the conclusion of the evidence, however, the court withdrew the case from the jury over the objections of Clemmie Adams. After the case had been so withdrawn, Clemmie Adams filed her motion for judgment, requesting therein that the court recognize her homestead rights and deny the partition, or order the property sold subject to her homestead rights, or partition the property in kind so as to protect her homestead. The other defendants, through their attorney ad litem, also filed motion for judgment fixing the interest of Clemmie Adams at an undivided ⅜ths, fixing the interest of the other parties to the suit in varying smaller amounts, and appointing a receiver to sell the entire property for the purpose of effecting the partition sought by plaintiff. The latter motion was granted, judgment was rendered accordingly, and Clemmie Adams has duly perfected her appeal, asserting in substance that the trial court erred in withdrawing the case from the jury and in overruling her motion for judgment.

■ Appellant says the court erred in withdrawing the case from the jury because the evidence raised three ultimate fact issues which should have been submitted to the jury, viz.: (1) her claim of ownership based upon her allegations of oral gift; (2) her claim of ownership based upon adverse possession under the 10 year statute of limitations; and (3) whether the entire property, if jointly owned, was or was not susceptible of a fair and equitable division in kind. In passing upon each of these contentions it is the duty of this court to view the evidence as a whole and all reasonable inferences and deductions that might properly be drawn therefrom in the light most favorable to appellant.

The evidence adduced upon the trial consisted of numerous written instruments and the verbal testimony of 19 witnesses. It was thereby shown that four of the lots in controversy were acquired by Frank Adams and his wife, Mollie, in 1880. Mollie died intestate in 1886, leaving two children by a former marriage and two children by her marriage with Frank Adams, viz.: Frank Adams, Jr., and V. B. Adams. Frank Adams, Sr., married appellee, Josie Adams, in 1908, acquired the additional ½ lot in controversy in 1912 and died intestate in 1932. V. B. Adams died in 1935, leaving a will which was duly admitted to probate, by the terms of which he devised his interest in the property to his surviving wife, Clemmie. It appears that the parties to this suit include all of the surviving heirs at law of Frank Adams, Sr., and his first wife, Mollie, and their successors in title and that the trial court correctly found the interest owned by each party if, as a matter of law, neither of the pleaded issues of oral gift or limitations was tendered by the evidence.

■■ In order to enforce a parol gift of real estate in Texas against the heirs of a deceased donor, the burden is upon the proponent to show by clear and satisfactory evidence that such gift was actually made with the intention on the part of the donor that it take effect as such in praesenti, that possession was taken and held by the donee with the consent of the donor and that permanent and valuable improvements were made on the premises by the donee, in reliance upon such gift, with the knowledge or consent of the donor. Tex.Jur. Vol. 21, p. 62, Sec. 43, p. 63, Sec. 44, p. 36, Sec. 16, and authorities cited. Although there was evidence in this case to the effect that Frank Adams, Sr., and Frank Adams, Jr., each made a verbal gift of his interest in all of the property here involved to V. B. Adams prior to the death of either and that V. B. Adams took possession of the entire property with the consent of each donor, we do not think the evidence as a whole was of sufficient probative force to raise or support a legal inference that V. B. Adams made such substantial improvements on the premises during the lifetime of either donor as would enable him or his successor in right to enforce either of the parol gifts relied upon by appellant. Wilkerson v. Charo, Tex.Civ.App., 133 S. W. 481, error refused.

Davis v. Douglas, Tex.Com.App., 15 S.W. 2d 232.

■ There was evidence to the effect that Frank Adams, Sr., and his son, V. B., were engaged in business together for some time prior to the death of the former in 1932; that they used a small house situated on one of the lots in controversy as an office for transacting the business in which they were jointly engaged; that prior to the death of Frank Adams, Sr., the use of the house was changed from that of an office to that of a cafe; that shortly after the death of Frank Adams, Sr., in 1932, V. B. and his wife, Clemmie, moved into the house, made further improvements of a permanent nature on the premises and used and occupied the same as their home until the death of V. B. in 1935, claiming to be the sole owners thereof by reason of the parol gifts hereinbefore referred to; and that appellant has remained in peaceable, continuous and adverse possession of the entire property since the death of her husband in 1935 up to the time of trial, using and occupying the same as her homestead and claiming it as her own. We also think the evidence was sufficient to support an inference that some, if not all, of the heirs at law of Frank and Mollie Adams knew at all times after the funeral of Frank Adams, Sr., in 1932 that V. B. Adams and his wife, Clemmie, were in actual and exclusive possession of the entire property and were claiming to be the sole owners thereof. Hence, we have concluded that the trial court erred in withdrawing the case from the jury because, in our opinion, the evidence, when viewed in the light most favorable to appellant's contentions, was sufficient to raise and support all of the fact elements essential to establish her claim of ownership, as against one or more of the other claimants herein, under the provisions of Art. 5510 of Vernon's Tex. Civ.Stats.

■ The law looks with favor upon a partition in kind of jointly owned property, rather than a sale and division of the proceeds derived therefrom. Humble Oil & Refining Co. v. Lasseter, Tex.Civ.App., 95 S.W.2d 730, error dismissed. Therefore, it was incumbent upon appellees to establish by a preponderance of the evidence that the property here in controversy was not susceptible of a fair and equitable division in kind before the trial court could properly order the entire property sold through a receiver. Under all the evidence before us we cannot say that such burden was discharged conclusively as a matter of law. We find no direct evidence as to how the value of the property would be effected by a partition in kind as between appellant on the one hand and the other joint owners on the other hand. Moreover, the evidence relating to the questions of homestead and improvements was pertinent to the issue of an equitable partition in kind. Consequently, we have concluded that this issue should have been submitted to the jury for its determination. Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, error refused N.R.E.

Because we have concluded that the court below erred in withdrawing the case from the jury, the judgment appealed from is reversed and the cause is remanded for another trial.