**Lela ROBERTSON, Appellant,**

v.

**Willie ROBERTSON, Appellee.**

**No. 46.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 28, 1968.

Rehearing Denied March 27, 1968.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Michael T. Brimble, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was a suit by Willie Robertson to establish his heirship to the estate of his father, Richard Robertson, deceased, and for partition thereof. Willie Robertson, the plaintiff, was the sole child of Richard Robertson and his wife, Edith, who were married in Louisiana in 1907. In 1920, Richard moved to Texas, leaving his son, Willie, and his wife, Edith, in Louisiana.

Subsequently, in 1927, Richard Robertson entered into a ceremonial marriage in this state with the defendant, Lela Herndon, and they continued to live together as husband and wife until Richard died intestate in 1959. Prior to this marriage to Lela Herndon, a divorce was granted in this state to *Richard Roberson* from *Edith Roberson*. Aside from the variation in spelling of the last name of the parties, there is a substantial difference of opinion as to the validity of the divorce and whether or not, therefore, Robertson's subsequent marriage to Lela Herndon was valid.

Without reference to the validity of the marriage between Richard Robertson and Lela Herndon, substantial property was acquired subsequent to it by the parties thereto as they lived together as husband and wife. It is this property that is the subject matter of this litigation.

After the evidence had been presented, the court's judgment reflects that the court determined that "no fact issue remained for decision by the jury, withdrew the case from the jury without objection of the parties" and entered its judgment for the plaintiff. In the judgment the court found that the plaintiff, Willie Robertson, and the defendant, Lela Robertson, "are the sole owners of, and are by law entitled to partition and division thereof in equal shares" of all of the property, both real and personal, acquired by Richard and Lela Robertson. The court further found that a fair and equitable division of the real property in kind could not be made, and appointed a receiver to sell the property and divide the proceeds equally.

Excepted from the application of the court's order of sale was one of the three parcels of realty which was determined by the court to be the homestead of Richard and Lela Robertson at the time of Richard's death. By the court's judgment this property was set aside for the exclusive use and benefit of Lela Robertson during her lifetime or so long as she elected to use and occupy the same as a homestead, even though plaintiff's petition contained no homestead allegation and defendant's answer represented only that such property was "the homestead premises of the defendant." No plea or prayer was made for any property to be set aside as the homestead for the use and benefit of the defendant.

Defendant presents ten points of error, the last being that "the court erred in determining that the property involved in this suit was not susceptible to partition when the trial was before a jury." Here the trial was before a jury with the plaintiff praying for "such partition of said property as may be provided by law." The evidence presented demonstrated that the property consisted of some $4,609.94 in a savings account, furniture and furnishings in the home of Richard and Lela Robertson at the time of Richard's death, and three parcels of improved real property, one of which was the homestead.

There is no evidence in the record giving any indication as to whether or not the three parcels of real property were susceptible to partition in kind. The record contains no indication of the size of the lots, the value of the property, the nature or extent of the improvements, the cost or value of such improvements, their age or condition. The record is in no way descriptive of the subject properties.

■ "As between a partition in kind or sale of land for division, the courts and the statutes favor a partition in kind, if it can be accomplished equitably and fairly since this does not disturb the existing form of inheritance or compel a person to sell his property against his will, which, it has been said, should not be done except in cases of imperious necessity." 68 C.J.S. Partition § 125, page 186. Partition in kind is undoubtedly favored in this state. Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S.W. 2d 77, ref. n. r. e.; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Amerada Petroleum Corp. v. Cheesman (Tex.Civ.App.), 223 S.W.2d 74, err. ref.; White v. Smyth (Tex. Civ.App.), 214 S.W.2d 953, affirmed 147 Tex. 272, 214 S.W.2d 967, 5 A.L.R.2d 1348; Adams v. Adams (Tex.Civ.App.), 205 S.W. 2d 801, no writ history; Burton v. Williams (Tex.Civ.App.), 195 S.W.2d 245, ref. n. r. e.; Humble Oil & Refining Co. v. Lasseter, Tex.Civ.App., 95 S.W.2d 730, err. dismd.

■ Generally, where the evidence is conflicting or admits of more than one inference, it is a question of fact for the jury or the trier of facts whether or not a partition in kind is feasible or a sale for division necessary. Adams v. Adams, supra; Burton v. Williams, supra.

In Adams v. Adams, supra, the case was withdrawn from the jury and judgment rendered for the appellees who had filed a motion requesting the appointment of a receiver to sell the entire property for the purpose of effecting the partition sought. The court stated, "The law looks with favor upon a partition in kind of jointly owned property, rather than a sale and division of the proceeds derived therefrom. Humble Oil & Refining Co. v. Lasseter, Tex.Civ. App. supra. Therefore, it was incumbent upon appellees to establish by a preponderance of the evidence that the property here in controversy was not susceptible of a fair and equitable division in kind before the trial court could properly order the entire property sold through a receiver. Under all the evidence before us we cannot say that such burden was discharged conclusively as a matter of law. We find no direct evidence as to how the value of the property would be effected by a partition in kind as between appellant on the one hand and the joint owners on the other hand. Moreover, the evidence relating to the questions of homestead and improvements was pertinent to the issue of an equitable partition in kind."

The record before the court in the present case is far removed from that in Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960). There the trial court had made a just and equitable division of a community estate and the Supreme Court stated, "We have examined the statement of facts in this cause and we find there is ample evidence to support the trial court's judgment."

In the case at bar, we have a judgment of the court directing a sale and division of the proceeds that is predicated upon a record that contains no evidence as to whether or not the property involved was susceptible of division in kind. The case here presented does not demonstrate that the plaintiff has, by a preponderance of the evidence, indeed, even by a scintilla of evidence, shown that the property was not susceptible of a fair and equitable division in kind. The record is devoid of evidence relating to the property involved; hardly more than its existence is demonstrated.

Having determined that the judgment appealed from must be reversed and the cause remanded for another trial, we do not give detailed consideration to appellant's other points of error.

Our earlier opinion in this case, wherein we dismissed the appeal, is withdrawn and the judgment of the trial court is reversed and remanded. Costs of appeal are adjudged against the appellee.