**Henry Tom RAYSON et al., Appellants,**

v.

**Lee Frederick JOHNS et al., Appellees.**

**No. 8286.**

Court of Civil Appeals of Texas, Texarkana.

May 20, 1975.

Rehearing Denied June 10, 1975.

Tom Roberts, Dallas, for appellants.

Long, Strong & Jackson, Carthage, for appellees.

CORNELIUS, Justice.

The question on this appeal is whether appellants were entitled to a jury determination of the susceptibility of land to partition in kind. Appellees filed this suit against appellants and certain other defendants in trespass to try title and for partition. Appellants filed general denials and cross-actions also asking for partition. Although appellants made proper and timely demand for a jury trial on all issues, the trial judge determined that the land was incapable of a fair division in kind and ordered the property sold and the proceeds divided among the several owners according to their respective interests. Appellants superseded that judgment, and have appealed contending that they were entitled to a jury trial on the question of whether the land was susceptible of division in kind. Appellees contend that a jury trial of that issue was not authorized because the determination of such question is for the trial judge

alone, and in any event, there was no disputed issue of fact. Appellants' contention will be sustained.

 The right to trial by jury is a valuable right which will be jealously guarded. Tex.Const. art. I, Sec. 15; art. 5, Sec. 10, Vernon's Ann.St. Although there are some proceedings in which a jury trial is not permitted (See 35 Tex.Jur.2d Jury, Sec. 18 et seq.), partition is not one of them. It is provided in Texas Rules of Civil Procedure rule 777 that ". . . the same rules of pleading, practice and evidence which govern in other civil actions shall govern in suits for partition . . .", and in whatever posture the question has arisen, the courts have treated disputed issues of fact in partition proceedings as being for the jury when one has been properly demanded. See *White v. Smyth,* 214 S.W.2d 953 (Tex. Civ.App. San Antonio 1947), aff'd, 147 Tex. 272, 214 S.W.2d 967 (1948); *Adams v. Adams,* 205 S.W.2d 801 (Tex.Civ.App. Waco 1947, no writ); *Redden v. Hickey,* 308 S.W.2d 225 (Tex.Civ.App. Waco 1957, writ ref'd n. r. e.).

 Partition proceedings are peculiar in that they are conducted in sucessive stages. *White v. Mitchell,* 60 Tex. 164; *Waters-Pierce Oil Co. v. State,* 107 Tex. 1, 106 S.W. 326 (Tex.1907). Apparently the trial court in the case at bar refused appellants a jury determination when requested, intending to avoid two trials and to allow them a jury trial on all issues at a subsequent stage of the proceedings prior to confirming a sale. But the decree which determines the shares of the owners, settles the rights of the parties therein, and orders a division or a sale of land, although often referred to as an interlocutory decree, is a final and appealable order which is conclusive of all matters decreed therein. *Castillo v. Farias,* 64 S.W.2d 989 (Tex.Civ.App. San Antonio 1933, writ ref'd); *Marmion v. Wells,* 246 S.W.2d 704 (Tex.Civ.App. San Antonio 1952, writ ref'd). Consequently, the denial of a jury trial at that stage of the proceedings effectively denied appellants a jury trial on those issues at any time.

 The right to have property partitioned in kind is a valuable right. *Pfeffer v. Meissner,* 286 S.W.2d 241 (Tex.Civ.App. Galveston 1955, writ ref'd n. r. e.). The law does not favor compelling an owner to sell his property against his will, but prefers a division in kind when such can be fairly and equitably made. *Amerada Petroleum Corporation v. Cheesman,* 223 S.W.2d 74 (Tex. Civ.App. San Antonio 1949, writ ref'd). Prior to 1905 the question of whether property was susceptible of division in kind was submitted to the commissioners *in the first instance,* subject to later determination by the court on consideration of the commissioners' report. *Tieman v. Baker,* 63 Tex. 641. Since the 1905 amendment to the statute, that question has been for determination by the court before the commissioners are appointed. *Pfeffer v. Meissner,* supra. The question is one of fact. *Kirk v. Head,* 132 S.W.2d 125 (Tex.Civ.App. Fort Worth 1939) aff'd, 137 Tex. 44, 152 S.W.2d 726 (1941); *Jones v. Dewbre,* 13 S.W.2d 233 (Tex.Civ.App. Austin 1928, no writ); *Irons v. Fort Worth Sand & Gravel Company,* 284 S.W.2d 215 (Tex.Civ.App. Fort Worth 1955, writ ref'd n. r. e.). Where the evidence on the issue is conflicting or admits of more than one inference, its determination is for the jury or the trier of fact, based upon a preponderance of the evidence. *Burton v. Williams,* 195 S.W.2d 245 (Tex.Civ.App. 10th Dist. 1946, writ ref'd n. r. e.); *Kuehn v. Wishard,* 452 S.W.2d 5 (Tex.Civ.App. Houston 14th Dist. 1970, writ ref'd n. r. e.); *Robertson v. Robertson,* 425 S.W.2d 707 (Tex.Civ.App. Houston 14th Dist. 1968, no writ); *Adams v. Adams,* supra. Even before the 1905 amendment, when the commissioners passed upon the question in the first instance, it was contemplated that the question was *ultimately* one of fact for the *court or jury,* to be determined upon consideration of the commissioners' report. See opinion of Justice Stayton in *Tieman v. Baker,* supra.

In the case at bar there was conflicting evidence on the susceptibility of the land to division in kind. Appellees' surveyor testified that the tract was not susceptible to a fair division in kind. On the other hand, both the appellant Henry Tom Rayson and the witness Harold Chadwick testified that the land could be equitably divided in kind, and suggested methods of doing so. An issue of fact was therefore raised on the question of the susceptibility of the land to division in kind, and since the appellants properly requested it, they were entitled to a jury determination of the issue.

For the error noted, the judgment of the trial court is reversed and the cause is remanded for a new trial.