In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00131-CV
______________________________


DAVID FITE, Appellant
 
V.
 
HAROLD WILSON, ET AL., Appellees


                                              

On Appeal from the 123rd Judicial District Court
Panola County, Texas
Trial Court No. 2003-A-142


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Harold Wilson filed a partition suit alleging that he owned an undivided one-half interest in
a forty-acre tract. Jeff Speed acquired title to the entire forty-acre tract in 1928 and in 1949 conveyed
an undivided one-half interest to Harrison Speed and wife. After several intervening transfers,
Wilson now owns the one-half interest originally conveyed to Harrison Speed. The one-half interest
of Jeff Speed was never further conveyed and the heirs of Jeff Speed now own that one half. David
Fite, one of the heirs of Jeff Speed, urged the trial court to divide the property in kind. The trial court
found the property could not be divided fairly and equitably in kind and ordered the property sold. 
We affirm the judgment of the trial court. 
Fite's Contention
            Fite contends the evidence does not support the trial court's findings that the land could not
fairly and equitably be divided in kind and ordering the property sold. It is not clear whether he is
alleging that the evidence is legally insufficient or factually insufficient to support such finding. We
will address both issues. 
Standard of Review
            In reviewing legal sufficiency, we view the evidence in a light that tends to support the
disputed finding, disregarding contrary evidence and inferences. Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003). In reviewing factual sufficiency, we consider all the evidence and
will uphold the finding unless the supporting evidence is so weak or the finding so against the
overwhelming weight of the evidence as to be manifestly unjust. AT & T Corp. V. Rylander, 2
S.W.3d 546, 551–52 (Tex. App.—Austin 1999, pet. denied). 
General Rule—Partition in Kind Preferred Over Sale
            A partition in kind is preferred over a sale and division of the proceeds because it is not the
policy of the courts to compel an owner to sell property against the owner's will. Irons v. Fort Worth
Sand & Gravel Co., 284 S.W.2d 215, 219 (Tex. App.—Fort Worth 1955, writ ref'd n.r.e). Texas
Rule of Civil Procedure 770 states: "Should the court be of the opinion that a fair and equitable
division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is
incapable of partition . . . ." Tex. R. Civ. P. 770. The burden is on the party opposing partition in
kind and seeking a partition by sale. Cecola v. Ruley, 12 S.W.3d 848, 853 n.13 (Tex.
App.—Texarkana 2000, no pet.) (citing Adams v. Adams, 205 S.W.2d 801, 803 (Tex. Civ.
App.—Waco 1947, no writ)). Therefore, Wilson had the burden to prove that an in-kind partition
would not be fair. Cecola, 12 S.W.3d at 854. 
Trial Evidence
            Don Austin, a surveyor, testified that he examined the forty-acre tract. He could find no
evidence of an easement that allowed one to access the tract and it appeared to be landlocked. There
was no improved surface on the property. No structures are on the property. There was a lane,
which was overgrown with underbrush, on the sixty-acre tract adjoining this tract, but it is possible
that an easement existed. There was a gate across the lane both now and back in the 1980s. Austin
originally testified that he thought the forty-acre tract could be divided into two equal parcels, but
he stated on redirect that it would "probably be impossible" to divide it into two equal tracts. 
            David Fite, who is an heir of Jeff Speed, testified that he wanted the property to stay in his
family. Fite acknowledged that, due to the nonuniform nature of the timber on the property, the
amount of timber on the tracts would have to be considered to divide the tract equally in two parts. 
He believed the property to be worth $100,000.00. Fite did not know all the heirs of Jeff Speed and
agreed it would be hard to determine the interest of each heir. He wanted to allow Wilson one half
of the property and all the heirs of Jeff Speed the other one half. 
            Leonard Mitchell, a forester, appraised the value of the timber on the forty-acre tract at
$70,000.00. When asked if the property could be divided giving each side an equal value of the trees
he answered, "I don't see it happening." Later, when asked if it was "hypothetically" possible to
divide it into something like twenty-two and eighteen acres for an equal division, he answered,
"That's possible." He also acknowledged that the value of the property was conditioned on the
ability to access it and, if it is landlocked, he would not make an offer on the timber. He explained
that the timber was not uniform over the tract and some acres, in terms of the timber value, are more
valuable than others. In order to access the property, he had to obtain a key to unlock a gate. The
south end of the property had better timber than the north end. 
            Olin Jeffrion Jr., a realtor, testified that he had examined the property and thought it could
be partitioned in kind without a decrease in the value of the tract. He suggested dividing the property
into two twenty-acre tracts from the south boundary line to the north boundary line. He thought that
would equally divide the timber also. In evaluating the property, he relied on the forester's report
that the timber value was $70,000.00. He acknowledged that, if there was no easement, it would
decrease the value of the tract by the amount that it would be necessary to spend to acquire an
easement. Some attempts at gaining an easement are successful and some are not. Some persons
have acquired a needed easement for $6,000.00–$10,000.00, while others "ended up in the
courthouse." 
Analysis
            For a legal sufficiency analysis, we review the evidence that tends to support the disputed
finding and disregard contrary evidence. Both the surveyor and the forester testified that it was not
possible to equally divide the property. This is legally sufficient evidence to sustain the finding of
the trial court. 
            In reviewing factual sufficiency, we consider all the evidence and will uphold the finding
unless the supporting evidence is so weak or the finding so against the overwhelming weight of the
evidence as to be manifestly unjust. Fite acknowledges that, if he was trying to have each heir's
undivided interest set aside to each individual, it would be impossible and the property would be
incapable of a fair and equitable division. Instead, he argues that the property should be divided in
two parts giving Wilson one half of the property and setting aside the remaining one-half interest to
all the heirs of Jeff Speed in common. In support of this argument, Fite cites Mansfield v.
Davenport, 362 S.W.2d 912, 913 (Tex. Civ. App.—San Antonio 1962, writ ref'd n.r.e.) and Gorman
v. Campbell, 135 S.W. 177 (Tex. Civ. App.—1911, writ ref'd). In Mansfield, eight heirs owned
equal shares in the property. None of the owners claimed that the property was incapable of division
in kind and the trial court ordered it divided in kind. The dispute was that only one of the heirs
desired to have his undivided one-eighth interest set aside as a specific tract of land, whereas the
other heirs preferred continued joint ownership of the balance of the property. The trial court
ordered that each heir should be awarded a specific one-eighth tract of land. The appellate court
affirmed the partition in kind for the one tract, but reversed the partition of the remainder of the
property as all of the heirs appeared and requested continuation of common ownership of the seven-eighth interest. That is a different factual situation than the present one where the dispute is whether
the tract is capable of a fair and equitable partition in kind. 
            The Gorman case quotes another case (Kremer v. Haynie, 67 Tex. 450, 3 S.W. 676 (1887)),
for the proposition that a court may set aside a specific tract to one party and allow the defendants
to own the balance of the property in common. We agree that, in the proper circumstance, where
one party wants a partition in kind of a specific interest and all other owners desire to retain common
ownership, the trial court could enter such an order. However, in this case, Fite was the only party
who appeared and requested that all the remaining owners continue to hold the property jointly. He
acknowledges that his ownership interest is very small (less than one acre) and that there are
numerous other heirs that did not respond. This is not a case where one party was authorized to
speak for all other owners—Fite did not even know all of the owners, how to contact them, and did
not represent that he spoke in their behalf. 
            Furthermore, in considering the sufficiency of the evidence to support the trial court finding
that the property could not be fairly and equitably divided in kind, two expert witnesses, even though
their testimony vacillated somewhat, testified the property could not be fairly divided even into two
parts. One difficulty was that the timber on the tract of land was not uniform and, therefore, it would
be difficult to divide the value of the property fairly. Second, there was a serious question as to
whether the property was landlocked, which would make the value of the property problematic in
the event the timber could not be harvested. Third, there are numerous heirs listed in the plaintiff's
petition (Wilson requested the issuance of citation for eleven known heirs and cited the unknown
heirs of sixteen others) which might require the property to be divided into tiny parcels. On Fite's
side of this analysis, there is testimony of Olin Jeffrion, Jr., a realtor who thought the property could
be divided into two equal portions without damage to the value, but on cross-examination
acknowledged that, if there was not an easement giving access, the property would lose some value.
            This case is factually similar to Hill v. Taylor, from the Austin Court of Appeals. Hill v.
Taylor, No. 03-03-00540-CV, 2004 WL 1469300 (Tex. App.—Austin July 1, 2004, no pet.) (mem.
op.). In Hill, thirty-one heirs owned undivided interests in a 100-acre tract. The trial court found
the property could not be partitioned in kind and ordered a sale. As in this case, the appellant
challenged the legal and factual sufficiency of the evidence. The Austin court explained that one of
the parties testified that partition in kind was not practical as the parties could not agree on a
division, thirty-one heirs owned an interest in the property, and the property was not bounded on all
sides by road access and some of the tracts would be landlocked. Additionally, it would have been
unfair to carve out one heir's property from a corner on the highway and leave the remaining heirs
the balance. The Austin court found the evidence was legally and factually sufficient to support the
trial court's finding. Likewise, based on the testimony presented here, we cannot say that evidence
to support the finding that the property could not be fairly and equitably divided in kind is so weak
or so against the overwhelming weight of the evidence as to be manifestly unjust. 
            For the foregoing reasons, we affirm the judgment of the trial court. 



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 8, 2006
Date Decided:             July 6, 2006