## J. W. McCommas v. Mary Curtis et al.

### Decided June 30, 1910.

**1.—Partition—Plea in Bar.**

In an action for partition of land by one claiming under a deceased husband against a surviving wife, the wife answered that the land sought to be partitioned was the homestead of herself and the deceased husband; that she was then occupying said land as her homestead; that her deceased husband by will, duly probated, devised his community interest in the land to her, the defendant, for the term of her natural life upon condition that she did not marry again, and that she had never married. The plaintiff, treating the answer as a plea in abatement, excepted to the same on the ground that it was not verified by affidavit, and was not filed in due order of pleading, and was not disposed of at the first term of the court. Held, the answer was a plea going to the merits of the suit and in bar of plaintiff's recovery on the cause of action alleged, and therefore it was not error to overrule the exception.

**2.—Same—Premature Action.**

A deceased husband by his will, duly probated, devised his interest in the community homestead to his wife during her life, and at her death to be equally divided between the children of their body. The will contained a proviso that in the event the wife married again, the testator's interest in the land should be divided between their children, and that the wife should have and receive a child's part only in the land; the wife never married again and continued to occupy the home; six children survived the husband; one of them, a daughter, married and died leaving one child which died a few months after its mother. In a suit by the father of the deceased child against the surviving wife and other children of the testator to ascertain and fix definitely his interest in the land and for partition, held, the suit was prematurely brought and, therefore, properly dismissed by the trial court.

**3.—Homestead—Abandonment—Insufficient Evidence.**

The mere fact that a married man had some kind of business in a town and was living there with his family attending to it at the time of his death, would not necessarily constitute an abandonment of his rural homestead.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*Meador, Davis & Dedmon* and *J. M. Richards,* for appellant.—Appellees' plea alleging that this appellant's suit was prematurely brought is a dilatory plea, such as should have been sworn to, and such as should have been tried before the main issue on its merits was tried, but not having been sworn to nor filed in its order of pleading nor having been called to the attention of the court and acted thereon by it at a prior term thereof, towit: October term, 1908, when filed, it was reversible error on the part of the trial court to consider same at the March term, A. D. 1909. Rule 24 for the District Courts of Texas, 84 Texas, 712; Howard v. Britton, 71 Texas, 286; Blum v. Strong, 71 Texas, 321; Peveler v. Peveler, 54 Texas, 53.

The court erred in sustaining said plea in abatement and in dismissing appellant's cause of action and in finding as a matter of law that he could not have partition of the land sued for until after the death or remarriage of appellee, Mary Curtis. Monday v. Vance, 92 Texas, 428; Simon-

ton v. White, 93 Texas, 57; Morris v. Eddins, 18 Texas Civ. App., 40, 41 (44 S. W., 203); May v. San Antonio, etc., Co., 83 Texas, 505-6; Bufford v. Holliman, 10 Texas, 560.

Where joint owners of land out of possession, seeing other joint owners in possession setting up a claim of title to the whole, and also executing deeds purporting to convey the entire interest to separate parts thereof to different grantees who take possession claiming a fee simple title, such joint owner, although a remainderman whose interest is thus denied, has the immediate right to sue for an immediate partition and definite declaration and recovery and possession of such interest, failure to do which might jeopardize his interest. Simonton v. White, 53 S. W., 339; id. 668; Smith v. Gaines, 38 N. J. E., 65; Allen v. Libbey, 140 Mass., 82; Calland v. Conway, 14 R. I., 9; 15 Enc. of Law, p. 128, note 82; Mayes v. Manning, 11 S. W., 136; Bey v. McLafferty, 12 Atl. (note), 464.

*Hood & Shadle,* for appellees.

LEVY, Associate Justice.—The suit was in trespass to try title to certain real estate, and for partition. Appellees answered by plea of not guilty, statutes of limitation, and by a special answer alleging that the interest of appellant, if any, in the land was derivable through the will of John Curtis, and that by the terms of the will such interest could not now be determined and fixed by the court, and that the land was not now legally subject to partition. The trial was to the court without a jury, and the court concluded that appellant had an undivided interest in the land, but that the suit was prematurely brought by appellant, and the land was not now legally subject to partition, and entered a judgment accordingly, taxing appellant with costs.

The evidence shows that Mary Curtis and her deceased husband, John Curtis, who died in 1882, were at the time of his death the owners of the land in controversy, same being community property, and that it was their homestead at the time of the death of the husband. Mary Curtis has since the death of her husband made her home on the premises, and has never married again. John W. Curtis, the husband, by will, duly probated, devised his interest in the land to his wife, Mary Curtis, during life, and at her death to be equally divided between the children of their body. The will had the proviso that in the event Mary Curtis married again the testator's interest in the land should be divided between their children, and that the wife should have and receive a child's part only in the land. At the time of the death of John W. Curtis there were six children of the marriage surviving him. Appellant married one of the daughters, and she died in 1892 leaving a girl, the only child of the marriage, who died about six months later. Appellant claims title through his daughter, and under the will. After the death of appellant's wife, Mary Curtis by deed joined in by her other children, except appellant, transferred about 36 acres, or about one-fifth of the land, to other parties who also are parties defendant in the case.

*After stating the case.*—As a bar to the right to have any present par-
tition of the land, the appellees plead specially that the land in suit was
the homestead of John W. Curtis and Mary Curtis; that Mary Curtis
is now occupying same as such; that John W. Curtis by will, duly pro-
bated, devised his community interest in the land to his wife during her
natural life, upon condition that she do not remarry; and that she is
still living and has never married again. The appellant excepted to the
pleading on the ground that it "had not been verified by affidavit, and
was not filed in due order of pleading, and was not called and disposed
of at the first term of court." By the first assignment complaint is made
that the court "erred in considering the appellees' plea in abatement"
for the reasons specified. If it is intended by the assignment to com-
plain of the ruling of the court on the exception, then we would be re-
quired to indulge the presumption that appellant had abandoned the
motion to strike out, as the record fails to show any action or ruling of the
court thereon. However, it should be said that the plea was properly
a plea going to the merits of the suit and in bar of appellant's recovery
on the cause of action alleged, and it was not error to refuse to strike
out for the reasons specified.

The second assignment complains that the court erred (1) "in sus-
taining said plea in abatement and in dismissing appellant's cause of
action," and (2) in finding as a matter of law that he could not have
partition of .the land sued for until after the death or remarriage of
appellee Mary Curtis. The assignment presents the one point of whether
appellant was entitled, in the facts, to have (1) now declared and de-
fined his right and interest in the land in suit, and (2) immediate par-
tition of such interest. The facts appear in the record undisputed.
The appellant was claiming title through his deceased daughter under
the will of John W. Curtis. The will devised the land to Mary Curtis,
mother-in-law of appellant, for her life, provided she remained a widow,
and in the event of remarriage to receive a child's part only along with
appellant's wife and the other children. Appellant's wife died, leaving
an only child succeeding to her rights, and through this child appellant
claims. This land was also the homestead of John W. and Mary Curtis,
and Mary Curtis since the death of her husband has lived on same and
has not married again. The court ruled on the facts that the suit of ap-
pellant was prematurely brought and that he was not legally entitled
to now have his specific interest in the land declared and fixed, nor to
have immediate partition of his interest. This, we think, was not error.
By the terms of the will, and under which appellant claimed, the definite
and specific interest of appellant was one determinable upon a condition
that might or might not happen. If Mary Curtis did not marry again,—
and the court could not judicially determine that in the future she would
not,—then appellant was entitled to a one-sixth interest in the land in
suit, or a one-twelfth undivided interest in the whole tract. If Mary
Curtis married again, then appellant's interest, by the terms of the will,
was a one-seventh undivided interest in the land in suit, or a one-four-

teenth undivided interest in the whole tract. In this attitude the other heirs had a right to resist the fixing and declaring a specific interest to appellant against them of a one-sixth interest, and the court properly refused to so fix his interest at the present time in the facts. Appellant was not entitled to have immediate partition on this ground, and further because the land in suit was occupied by Mary Curtis as a homestead, as it was of herself and husband, and she also by the will had a life estate at the time in the land in suit. Here Mary Curtis owned in her own right a one-half undivided interest in the whole tract, as survivor of the community, and had a life interest, by the terms of the will, in the remaining half. Appellant had no right or interest in any part of the tract except in the one-half held by Mary Curtis for life, and which was subject to her life estate. The right of Mary Curtis, therefore, to possess the entire property, existed at the time of the suit and trial, and no legal right to appellant to have immediate partition existed. Tieman v. Baker, 63 Texas, 641. Appellant contends that he was entitled to have partition at least of the portion of the tract transferred by deed by Mary Curtis. Mary Curtis had the right to sell her life interest, and such interest only passed to the purchasers, and the purchasers were entitled to her exclusive right of possession during her lifetime.

The third assignment complains of a finding by the court that Mary Curtis and her children acquired title to 44 acres off the west end of the McFarland and Walker survey under the statute of three years' limitation. The record does not bear out the contention that the court made any finding of adverse holding by limitation. On the contrary, the court finds that appellant has a one-twelfth undivided interest in the land against all the appellees.

The fourth assignment complains of the court's findings that the land in controversy was the homestead of John W. Curtis at the date of his death. In the absence of a statement of facts, as here, we can not say the finding is unsupported by any evidence, or contrary to the evidence. The meager finding of the court "that at the time of the death of John W. Curtis he was living with his family in Mineral Wells, Texas, where he was engaged in business," is not inconsistent with the finding that the land in suit in Parker County was his homestead. The mere fact that he had some kind of business in Mineral Wells and that he was living there with his family attending to it at the time of his death, would not, as a matter of law, constitute an abandonment of his homestead in Parker County. He may have been only temporarily in Mineral Wells with the intention of returning to his home in Parker County, for aught that could be said in the record to the contrary. Even though it was not a homestead, still Mary Curtis had a life interest by the will, and was entitled to hold it against partition.

The fifth assignment complains that the court erred in overruling the motion to reform and correct the judgment. The assignment can not be sustained for the reasons urged. But we think on our own motion the judgment as worded is probably capable of a construction, in the

future, that would operate to some deprivation of appellant's rights, and not intended, and that it should be here refused to the extent that it be made clearer of expression and free of doubtful meaning. It is therefore ordered that the judgment of the court below be reformed by simply adjudging that appellant's suit be dismissed, without prejudice to any future suit in trespass to try title, or partition, to the land, as the legal right thereto between the parties might arise, because prematurely instituted, and that, as adjudged, the appellant pay all costs.

The judgment of the court below, as here reformed, is affirmed.

*Reformed and affirmed.*