**LUKER et ux. v. LUKER et al.**

**No. 2750.**

Court of Civil Appeals of Texas.
Eastland.

Dec. 2, 1949.

Rehearing Denied Feb. 3, 1950.

C. O. McMillan, Stephenville, for appellants.

Gib Callaway, Brownwood, for appellees.

COLLINGS, Justice.

This is a suit for partition brought by appellees C. F. Luker and Corrine Brightman, joined by her husband, against Clemons Luker and wife, appellants. Corrine Brightman and Clemons Luker are the daughter and son, respectively, of C. F. Luker and his deceased wife, Willie Mae Luker, who died intestate December 9, 1946.

The subject matter of the suit was 1,122 acres of land and certain personal property, all of which was acquired by C. F. Luker and his wife during her lifetime and was their community property with the exception of one tract of 47 acres which was the separate property of Willie Mae Luker.

The judgment directing a partition found that appellee Corrine Brightman and appellant Clemons Luker are each the owners of an undivided one-half interest in such

47 acre tract subject only to a one-third life estate in appellee C. F. Luker; that C. F. Luker is 76 years of age and that the value of his one-third life estate in the 47 acres is the sum of $96.00. Such judgment directed that a share of land be set aside for C. F. Luker equal in value to one-half of the land to be partitioned except the 47 acre tract above mentioned, plus enough additional land in value to equal $96.00. The Commissioners appointed by the court proceeded to partition the land. A portion designated as "Block No. 1" containing 524 acres was set aside to C. F. Luker. Included within this portion was the 47 acre tract in question. Block No. 2, containing 238 acres and Block No. 3, containing 360 acres, found by the Commissioners to be each equivalent to one-fourth of the value of the land partitioned, was set aside to Clemons Luker and Corrine Brightman, respectively. In its final judgment, the trial court approved and confirmed such partition. Clemons Luker and wife have appealed.

Appellants' first point assigns as error the action of the trial court in awarding to C. F. Luker the fee simple title to the 47 acre tract in which he owned only a one-third life estate. Appellants contend that the effect of such partition by the trial court is to make a trade for the parties, trading to appellee C. F. Luker land in which he owned no title in the fee and granting him a greater title in the land than he owned. It is further urged that such partition is prejudicial to the owners of the remainder interest in said 47 acre tract in violation of the terms of Article 6098, R.C.S., which reads as follows:

"When a partition is made between a joint owner who holds an estate for a term of years or for life with others who hold equal or greater estates, such partition shall not be prejudicial to those entitled to the reversion or remainder of such estates."

Appellee C. F. Luker owned a one-third interest for life in the 47 acre tract and had a right to have partition of such life estate. He owned no interest in the fee title to said tract. Such title was vested in his son and daughter. Either of them could force a partition of the fee title or of their reversionery interest therein. Corrine Brightman joined her father as plaintiff, asking the trial court to partition said 47 acre tract both as to the life estate and as to the fee title or reversionary interest. The question here presented is whether the court, in making the partition, could award to C. F. Luker the fee simple title to such tract when he owned only an interest in the life estate therein. We think not. Such award is contrary to the purpose and in excess of the power of partition. A partition is simply a division of what is owned in common, not an equitable re-arrangement of what is owned in severalty. Bankston v. Bankston, Tex.Civ.App., 206 S.W.2d 839; Medina Oil Development Co. v. Murphy, Tex.Civ.App., 233 S.W. 333; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Thompson v. Whitfield, Tex.Civ.App., 203 S.W.2d 268.

A life estate and a reversionary estate in a tract of land are distinct and separate estates and may be owned in severalty. Brito v. Slack, Tex.Civ.App., 25 S.W.2d 881; 31 C.J.S., Estates, § 34 p. 43; 28 Tex.Jur. page 52; Elliott v. Elliott, Tex. Civ.App., 120 S.W.2d 631; Hensley v. Conway, Tex.Civ.App., 29 S.W.2d 416.

The ownership of an interest in one such estate does not entitle one to participate in the other by partition as no higher estate can be acquired by partition. Tieman v. Baker, 63 Tex. 641; McComas v. Curtis, 62 Tex.Civ.App. 227, 130 S.W. 594; Brito v. Slack, supra; Luckel v. Barnsdall Oil Co., Tex.Civ.App., 74 S.W.2d 127; Medina Oil Development Co. v. Murphy, supra; Cleveland et al. v. Milner, 141 Tex. 120, 170 S.W.2d 472; Evans v. Graves, Tex.Civ. App., 166 S.W.2d 955.

Since C. F. Luker did not own an interest in the fee title or reversionary estate in said 47 acre tract, he was not entitled to have such estate awarded to him or to participate in the division of such fee or reversion even though other land of sufficient proportional value owned in common by all parties involved was awarded to his son and daughter. He owned no interest in the fee or reversion to divide. As to him, such estate was owned in severalty by his son and

daughter and to award him such estate, or a portion thereof, was contrary to the purpose of partition and also the terms of Article 6098, supra.

Another tract of 147 acres was purchased by C. F. Luker during the existence of his marriage relationship with his wife, Willie Mae Luker. The purchase price for this tract of land was $2,205.00 paid in cash with money borrowed from a bank with no lien retained as security. Later, he borrowed money from his father and paid the bank the $2,205.00. When his father died, C. F. Luker accepted the note evidencing this debt to his father as part of his inheritance. It is admitted that the 147 acre tract was community property. In Point No. 2, appellant contends that the trial court erred in awarding to C. F. Luker $2,205.00 as reimbursement out of the community estate for separate funds used in payment of such community debt. We cannot agree with this contention. The debt of $2,205.00 was for the full purchase price of the 147 acre tract of land. C. F. Luker first borrowed the money from the bank and later borrowed from his father and paid the bank. The liquidation of such indebtedness from the separate funds of C. F. Luker entitled him to be reimbursed and the trial court did not err in so holding. 23 Tex.Jur. page 188; Welder v. Lambert, 91 Tex. 510, 44 S.W. 281; Stoppelberg v. Stoppelberg, Tex.Civ. App., 222 S.W. 587.

The pleadings and evidence also show that Clemons Luker and wife have resided on the west portion of the 1,122 acres for many years with the consent of C. F. Luker. During such residence and prior to his mother's death in 1946, Clemons Luker made improvements thereon in the value of approximately $2,000.00. In Point No. 5, appellants complain of the action of the trial court in refusing to allow them credit for the value of such improvements. In our opinion, the action of the trial court was correct. It is admitted that at the time Clemons Luker made such improvements he had no interest in the land and there was no agreement or understanding that he would be reimbursed therefor; as an only son he "just went on the land like he owned it and built whatever he wanted to." Under such circumstances, the improvements became part of the realty which was owned by C. F. Luker and wife and Clemons Luker had no right to be reimbursed therefor. Cleveland v. Milner, supra; Sheer v. Cummings, 80 Tex. 294, 16 S.W. 37; Missouri Pac. Ry. Co. v. Cullers, 81 Tex. 382, 17 S.W. 19, 13 L.R.A. page 542; O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; Bonner v. Wiggins, 52 Tex. 125.

For the reasons stated, the judgment of the trial court is reversed and remanded.