Mrs. Oline M. BUNTING et al., Appellants,

v.

Horace R. McCONNELL, Appellee.

No. 16678.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 9, 1976.

Denson & Swain, Marcus E. Faubion, Houston, for appellants.

W. H. Betts, Hempstead, for appellee.

EVANS, Justice.

Horace R. McConnell, appellee, brought this suit against his sister, Orline M. Bunting, and his three brothers, H. Alvis McConnell, J. D. McConnell and Vernon O. McConnell, to establish a parol agreement for the partition of a 50 acre tract of land in Waller County which, along with other lands, had been devised to the parties by the terms of the will of their mother, Olga Frederick McConnell, deceased. The jury found that the five children had orally agreed that the 50 acre tract should be partitioned in such manner that the appellee, Horace R. McConnell, would receive a parcel of 33.252 acres out of such tract, representing his share of all the lands devised by his mother to her five children.

In their first three points of error appellants attack the legal and factual sufficiency of the evidence to support the jury's finding of a parol agreement for partition.

It is settled in this state that persons who are common owners of land may effect a parol partition which segregates their possession and use. A partition of land does not confer or convey title, but merely dissolves the tenancy in common. *Chace v. Gregg,* 88 Tex. 552, 32 S.W. 520 (1895); *Houston Oil Co. v. Kirkindall,* 136 Tex. 103, 145 S.W.2d 1074 (1941); Lange, Texas Land Titles, Sec. 464, pp. 319–21. However, where several parcels are owned in common, the common owners may agree to partition their lands so that each owner receives a separate tract in severalty. *Aycock v. Kimbrough,* 71 Tex. 330, 12 S.W. 71 (1887); 23 Baylor Law Review 75, 83 (1971).

A number of meetings between the five children of Olga Frederick McConnell, deceased, were held over a two year period during which they discussed the division of the properties devised under their mother's will. The appellee testified that on July 15, 1974, a final agreement was reached between them for the division of the commonly owned properties. According to appellee, he was to receive, as his share of the lands devised under his mother's will, the back one-half of the 50 acre tract and a parcel equal to one-fourth of the front one-half, which had road frontage. Appellee testified that at this meeting his three brothers drew lots to determine which parcels they would take as their respective shares of the front one-half of the 50 acre tract. Appellee's sister, Orline M. Bunting, was not to receive a share of the 50 acre tract and her share was to be set apart in other lands. The appellee also testified that after the lots had been drawn by his three brothers, his brother J. D. McConnell looked at him, smiled, and said, "Well, Horace, are you (still) going to let me have water?" To which he replied, "Sure I am, J. D." After which they all got up and went home.

The appellants testified in effect that although a division of the property in the manner contended by appellee was proposed by appellee at the June 15 meeting such proposal was merely submitted for their consideration and was never accepted by them. Appellants contended that there were a number of contingencies which precluded any final agreement such as the surveyor's final staking of the land to be partitioned and the location of a third party's right of access across the parcel to be set apart to the appellee.

Following the July 15 meeting between the parties, appellant Orline M. Bunting employed a surveyor to divide the 50 acre tract and his plat dated August 19, 1974, was introduced in evidence. This surveyor testified that he had been employed by Mrs. Bunting to make a preliminary division of the 50 acre tract and that his plat represented that division. The plat indicates 49.-878 acres to be within the 50 acre tract and

shows a tract of 33.252 acres in the name of appellee and three tracts of 5.542 acres each in the names of appellee's three brothers.

The evidence is legally and factually sufficient to support the jury's finding that the parties made a parol agreement at the July 15 meeting to partition and set apart to appellee the 33.252 acre parcel as his share of the lands devised under his mother's will. The jury was entitled to accept appellee's version of the matter and to reject the appellants' contention that a final agreement had not yet been reached between them. The appellants' first three points of error are overruled.

The appellants next contend in two points of error that the trial court erred in admitting in evidence, over their objection, a copy rather than the original of the surveyor's plat and a recorded deed of which notice had not been given by a listing filed pursuant to the provisions of Article 3726, Tex.Rev.Civ.Stat.Ann. A photocopy of the surveyor's plat was received in evidence over the appellants' objection that the copy did not constitute the best evidence of the survey map. The surveyor testified that the copy represented a true and correct reproduction of his original survey map and upon such authentication the trial court correctly overruled appellants' objection. The court was also correct in overruling the appellants' objection to the reading of the recorded deed in evidence. At the beginning of the trial the parties stipulated that the 50 acre tract, along with other lands, had been devised in equal shares to the parties under their mother's will and that such lands were referred to and identified in the plaintiff's amended petition in the cause. That petition described the appellee's claimed tract of 33.252 acres as being part of the 50 acre tract which had been set apart to the mother under a partition deed dated June 10, 1939, recorded in Volume 76, page 337 of the Waller County Deed Records. Upon the pleadings and especially in view of the parties' stipulation the trial court properly admitted the recorded deed in evidence. See *McCraw v. City of Dallas,* 420 S.W.2d 793,

797 (Tex.Civ.App.—Dallas 1967, writ ref. n. r. e.) The appellants' points four and five are overruled.

In their next four points, the appellants contend the trial court erred in permitting Mrs. Bunting to be questioned on matters which, they assert, were protected by the attorney/client privilege; on matters pertaining to Mrs. Bunting's failure to bring certain writings with her to the trial; and in permitting appellee to give repetitious testimony during the rebuttal stage of the proceedings. The appellants also contend, in their final point, that the cumulative effect of the trial court's errors resulted in harm requiring reversal of the cause. These points are overruled.

The judgment of the trial court is affirmed.