J. Michael EPSTEIN, Individually and as Trustee under the Will of Julius Epstein, Appellant,

v.

John A. HUTCHISON III, Successor Guardian of the Estate of Alta Epstein, an Incapacitated Person, Appellee.

No. 01–02–01274–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 2004.

David J. Wukoson, Larry D. Knippa, Knippa & Kral, Houston, TX, for Appellant.

James E. Myers, Kendall M. Gray, Andrews & Kurth, L.L.P, Houston, TX, for Appellee.

Panel Consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TIM TAFT, Justice.

This is the second of several appeals arising from the same underlying litigation. In this appeal, appellant, J. Michael Epstein ("Michael"), appeals from four orders approving attorney's fees for legal work performed by appellee, John A. Hutchison III, the guardian of the estate of Michael's incapacitated mother, Alta J.

Epstein ("Alta"). We consider whether the trial court erred in approving Hutchison's attorney's fees for legal work that he did as the attorney for himself in the capacity of Alta's guardian. We affirm.

## Background

Michael sued Alta, alleging that she had committed various wrongful acts as trustee of testamentary trusts established under the will of Julius Epstein, Michael's father and Alta's late husband. Alta was later declared incapacitated from Alzheimer's disease. Michael became the sole trustee of the testamentary trusts. Hutchison eventually became the guardian of Alta's estate.

From the numerous and lengthy proceedings in the underlying suit, Michael appeals four orders authorizing the payment of attorney's fees out of Alta's estate to Hutchison for services that he rendered as the attorney of Alta's guardian, also himself, for the guardianship estate. The orders authorized payment of attorney's fees for three periods: $7,795.12 for attorney's fees accrued from July 1, 2001 to October 8, 2001 (one order); $38,484.26 for attorney's fees accrued from December 1, 2001 to September 30, 2002 (two orders); and $4,010.00 for attorney's fees accrued from October 2, 2001 to October 2, 2002 (one order). The order authorizing fees from October 2, 2001 through October 2, 2002 authorized payment of attorney's fees to Hutchison in lieu of his commission as guardian.

## Standard of Review

We generally review the trial court's approval of attorney's fees incurred by a guardian for abuse of discretion. *See State ex rel. Tex. Dep't of Mental Health & Mental Retardation v. Ellison,* 914 S.W.2d 679, 682–683 (Tex.App.-Austin 1996, no writ) (so holding regarding ruling on appli-cation to remove guardian and implying same regarding ruling on application for guardian's attorney's fees). A trial court abuses its discretion when its decision is contrary to the law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). To the extent that the issues involved concern only questions of law, we review the trial court's decision de novo. *See Henderson v. Viesca,* 922 S.W.2d 553, 557 (Tex.App.-San Antonio 1996, writ denied) (holding same in review-ing order approving guardian's attorney's fees, when parties had stipulated to facts and trial court had considered only legal issue).

## Award of Attorney's Fees

In four issues, Michael challenges the trial court's four orders approving Hutchison's attorney's fees. Although the proceedings below were hotly contested, the few facts pertinent to Michael's chal-lenges are not in material dispute, and his challenges present legal issues.

In issue four, Michael argues that the trial court abused its discretion in ap-proving Hutchison's attorney's fees be-cause the court's having done so thwarts the Probate Code's provision concerning compensation of guardians.

Probate Code section 665 provides for the compensation of guardians and tempo-rary guardians:

§ 665. **Compensation of Guardians and Temporary Guardians**

(a) The court may authorize compensa-tion for a guardian or a temporary guardian serving as a guardian of the person alone from available funds of the ward's estate or other funds available for that purpose. *The court shall set the compensation in an amount not exceed-ing five percent of the ward's gross in-come . . . .*

(b) The guardian or temporary guardian of an estate is entitled to reasonable compensation on application to the court *at the time the court approves any annual accounting or final accounting filed by the guardian or temporary guardian under this chapter. A fee of five percent of the gross income of the ward's estate and five percent of all money paid out of the estate is considered reasonable under this subsection* if the court finds that the guardian or temporary guardian has taken care of and managed the estate in compliance with the standards of this chapter.

(c) On application of an interested person or on its own motion, the court may review and modify the amount of compensation authorized under Subsection (b) of this section *if the court finds that the amount is unreasonably low* when considering the services rendered as guardian or temporary guardian.

(d) *A finding of unreasonably low compensation may not be established under Subsection (c) of this section solely because the amount of compensation is less than the usual and customary charges of the person or entity serving as guardian or temporary guardian.*

Tex. Prob.Code Ann. § 665(a)-(d) (Vernon 2003) (emphasis added). This section provides for a guardian's compensation, not his expenses. Reimbursement for a guardian's expenses is provided for in section 666:

A guardian is entitled to be reimbursed from the guardianship estate for all necessary and reasonable expenses incurred in performing any duty as a guardian, *including reimbursement for the payment of reasonable attorney's fees necessarily incurred by the guardian in connection with the management of the estate or any other guardianship matter.*

*Id.* § 666 (Vernon 2003) (emphasis added). The Code clearly considers attorney's fees to be a guardian's expenses, not his compensation. *See id.* Accordingly, reimbursement for those fees is controlled by section 666, not section 665.

Michael nonetheless argues that the Probate Code does not allow a guardian to be his own attorney for guardianship matters because doing so could allow the guardian to recover higher fees, under section 666, than he would be entitled to recover under the compensation scheme established by section 665. No provision of the Probate Code, however, expressly prohibits an attorney guardian from representing the guardianship estate in its legal matters. Moreover, Michael's argument has been considered and rejected by another court of appeals. *See Henderson,* 922 S.W.2d at 558.

In *Henderson,* the guardian conditioned her appointment on her serving as attorney for the guardianship estate, as well as the ward's guardian. *Id.* at 556. No one objected to the arrangement, and the trial court recited in the order of appointment that the guardian could serve in both capacities. *Id.* The *Henderson* court held that the guardian could be compensated for fees in her capacity as attorney. *Id.* at 558. The court reasoned that public policy favored dual compensation because (1) one functioning in both capacities could avoid duplication of work and could thus lower costs; (2) "the probate court is the true protector of the estate's interests as it conducts the final review of all monies leaving the estate"; (3) "probate courts will more closely scrutinize the applications for attorney's fees submitted by representatives serving in dual capacities, resulting in even greater protection to the estate"; and (4) the relationship between attorney and client and guardian and ward is based on trust, so that "we should pre-

sume that an individual serving in both capacities would perform her duties in a manner that is in the best interest of the estate." *Id.* at 558.

Michael attempts to distinguish *Henderson* on the ground that, in that case, the order appointing the guardian approved the guardian's dual capacity without objection. *See id.* at 556. The reasoning underlying *Henderson,* however, applies regardless of whether the trial court approves or other parties object to the guardian's dual role. For example, the *Henderson* court observed that an individual serving both as guardian of the estate and as attorney for the guardianship estate would generally perform in the estate's best interest in both capacities, given that both an attorney and a guardian have a close fiduciary relationship with their client or ward. *See id.* at 558; *Archer v. Griffith,* 390 S.W.2d 735, 739 (Tex.1964) ("The relation between an attorney and his client is highly fiduciary in nature. . . ."); *Byrd v. Woodruff,* 891 S.W.2d 689, 706 (Tex.App.-Dallas 1994, writ dism'd by agr.) ("[T]he law recognizes the fiduciary duty of a guardian of a ward or the personal representative of an estate."). Moreover, the ultimate safeguard upon which the *Henderson* court relied—that the trial

court would approve only the reasonable and necessary attorney's fees that the guardian incurred—applies whether the guardian or a different person serves as the attorney for guardianship matters. Accordingly, we hold that the trial court did not abuse its discretion in approving Hutchison's attorney's fees for the reason that Hutchison served in the capacity as the attorney for the guardianship estate.

Analogous authority also supports our holding. As the *Henderson* court recognized,[1] two courts considering cases in which an estate's executor also functioned as the estate attorney reached a conclusion similar to ours. *See Neblett v. Butler,* 162 S.W.2d 458, 461–62 (Tex.Civ.App.-Galveston 1942, writ ref'd w.o.m.);[2] *Burton v. Bean,* 549 S.W.2d 48, 51 (Tex.Civ.App.-El Paso 1977, no writ) (holding that estate administrators could recover reasonable attorney's fees when the heirs understood at time of appointment that administrators would serve in that dual capacity and appointment order provided that dual appointment was made with heir's consent). Furthermore, although all heirs knew that the estate administrators in *Burton* would serve in both capacities, the *Burton* court supported its holding with the reasoning

---

1. *Henderson,* 922 S.W.2d at 557–58.

2. Observing:

   [S]trictly speaking, a personal representative does not have authority to bind an estate for legal service. . . . A personal representative owes the duty to preserve the estate, and expenses which he incurs in the performance of such duties he may recover. A prudent executor will only agree to pay an attorney, whom he employs, reasonable attorney's fees, for if the reasonableness of the fees is contested, the executor can only recover such as are reasonable. Whether an executor, who is a lawyer, performs the services himself, or employs another, the reasonableness of the fees charged must stand the same test. So what difference could it make whether a lawyer-executor employs another lawyer, or performs the services himself? A testator chooses his executor because he thinks him trustworthy, and we think it unlikely the testator would not want the lawyer, to whom he intrusted the management of his estate, to be intrusted with the management of the law business incident thereto. And as already pointed out, he does not have to trust him to fix a fee that is not exorbitant, the law prevents that. We therefore question the soundness of a public policy which would tend to defeat a testator's desire to have his affairs, legal as well as business, attended to by his executor, by one he has learned to trust.
   *Id.* at 461–62.

that the probate court would require satisfactory proof of the fees' reasonableness. *Id.* at 51; *see also In re Estate of Devitt,* 758 S.W.2d 601, 607, 607 n. 7 (Tex.App.-Amarillo 1988, writ denied) (op. on reh'g) (indicating that, for estate co-executor to recover attorney's fees, *Burton* and *Neblett* did not require that beneficiary agree in advance to dual role of co-executor).

For these reasons, we reject Michael's challenge that allowing Hutchison to recover attorney's fees is inconsistent with section 665 of the Probate Code. We overrule issue four.

Michael's issues one and two incorrectly presume that Hutchison's fee request had to comply with the criteria set out in section 665, concerning compensation of guardians. We already have concluded that section 666, not section 665, governs the reimbursement of a guardian's attorney's fees. Accordingly, we overrule Michael's issues one and two.

■ Finally, in issue three, Michael contends that Hutchison could not recover attorney's fees without a written appointment as attorney for the guardianship estate. Out of an abundance of caution, Hutchison had the trial court sign an order allowing him to employ himself as attorney for matters concerning the guardianship estate. That order was signed on November 1, 2002, after much of Hutchison's fees had accrued.

In support of his position, Michael relies on the following order of the Texas Supreme Court, entitled "Amended Order Regarding Mandatory Reports of Judicial Appointments and Fees":

Section 1. Every appointment made in a ... probate case ... by a regular or assigned judge of any ... statutory probate court ... of a person to a position for which any type of fee may be paid shall be made by written order.

Section 2. Every application or request for the payment of a fee by such an appointee shall be approved by the court of the judge making the appointment. This approval shall be accomplished by a separate written order.

. . .

Amended Order Regarding Mandatory Reports of Judicial Appointments & Fees, 890–91 S.W.2d (Texas Cases) XLVII–XLVIII (Sept. 21, 1994) [hereinafter "the Supreme Court Order"].

In this case, section one of the Supreme Court Order requires that Hutchison be appointed *as guardian* by written order because the Probate Code requires court appointment of a guardian. *See* Tex. Prob. Code Ann. § 601(11) (Vernon 2003) (" 'Guardian' means a person who is appointed ...."); *id.* § 602 ("A court may appoint a guardian ...."); *id.* § 693(a) ("[T]he court may appoint a guardian of the individual's person or estate, or both...."). The Probate Code does not require, however, that the court appoint an attorney to represent the guardian of the estate in connection with the estate's management or other guardianship matters. Rather, the Probate Code allows the guardian to hire an attorney for those purposes and treats any resulting attorney's fees as the guardian's expenses, which are subject to the court's written approval for reimbursement. *See* Tex. Prob.Code Ann. § 666; *see also* the Supreme Court Order, § 2 ("*Every application or request for the payment of a fee by such an appointee shall be approved by the court of the judge making the appointment ... by a separate written order.*"). Moreover, even if section one of the Supreme Court Order required a separate written order appointing Hutchison as the guardianship attorney, any error resulting from the trial court's delay in executing the written order is harmless because the trial

court afforded Michael the opportunity to contest Hutchison's fees and Michael did, in fact, contest the trial court's approval of Hutchison's attorney's fees. *See* TEX. R.APP. P. 44.1.

We overrule issue three.

## Conclusion

We affirm the orders of the trial court.