NUMBER 13-06-00347-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DUANE CONKEY, ADMINISTRATOR OF THE 

ESTATE OF RAYMOND CONKEY, DECEASED, Appellants,


v.
 

 

CANDACE TONKENS, ADMINSTRATOR OF

THE ESTATE OF AMY ANN CONKEY, 

DECEASED, ET AL., Appellees.

 


On appeal from the County Court at Law No. 2 


of Cameron County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Duane Conkey, the dependent administrator of the estate of Raymond Conkey,
appeals from an heirship order. In a single issue, advanced by three sub-issues, Duane
contends that the trial court erred in distributing Raymond's estate to Amy Conkey,
Raymond's wife, and Lynn Conkey, Raymond's daughter. We reverse and remand. 

I. BACKGROUND

 The facts in the instant case are largely undisputed. Raymond Conkey died on
November 11, 2003. He was survived by Amy Conkey, his wife, and Lynn Conkey, his
daughter from a prior marriage. Amy died on December 6, 2003. Raymond left a will that
contained the following disposition provision:

I give, devise and bequeath all of my estate to my wife, AMY ANN CONKEY,
provided that she survives me by sixty (60) days. If my wife does not survive
for that period of time, then I devise and bequeath my entire estate to those
persons who are my heirs at law and next of kin, according to the statutes of
descent and distribution in force in Texas at the time of my death, in the
same shares of portions in which such persons would take according to the
provision of such statutes of descent and distribution with respect to each
type of property being distributed.


The will does not name an ascertainable alternative beneficiary. Instead, it gives the estate
to the heirs at law, as determined by the descent and distribution statutes. The will was
admitted into probate on January 28, 2004, and Duane, Raymond's brother, was appointed
dependent administrator. 

 Duane filed an application for declaration of heirship, which sought to have Lynn
Conkey declared the sole heir of Raymond's estate. The clerk's record contains affidavits
executed by Frank Conkey and Duane, Raymond's brothers, which state that Raymond
had only one child, Lynn, and that he was married to Amy Conkey. On March 29, 2006,
the court entered an order that declared Lynn was entitled to one-hundred percent of
Raymond's estate. The order contains two interlineations that make reference to Amy
being an heir but not surviving Raymond by sixty days. 

 On April 24, 2006, Candance Tonkens, dependent administrator of Amy's estate,
filed a motion to amend the court's previous order declaring heirship. The trial court
entered an amended order declaring heirship that splits Raymond's estate evenly between
Amy and Lynn and does not contain any distinctions between personal, real, and
community property. Duane appeals from the most recent heirship order. See Tex. Prob.
Code Ann. § 5(g) (Vernon Supp. 2006) (providing that all final orders of any court
exercising original probate jurisdiction shall be appealable to courts of appeals).

II. DISCUSSION

 Duane's single issue on appeal is advanced by three sub-issues. Tex. R. App. R.
38.1(e) (providing that the statement of an issue or point will be treated as covering every
subsidiary question that is fairly included). Duane contends that the trial court erred (1) in
splitting Raymond's estate evenly between Amy and Lynn, (2) not construing that
Raymond's will excluded Amy, and (3) not awarding Lynn all of Raymond's interest in the
community estate.

A. Standard of Review

 A court's rulings on guardianship and probate applications are generally reviewed
under the abuse of discretion standard. See, e.g., Epstein v. Hutchison, 175 S.W.3d 805,
807 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) (reviewing attorney's fees incurred
by guardian); In re Estate of Robinson, 140 S.W.3d 801, 807 (Tex. App.-Corpus Christi
2004, pet. dism'd) (reviewing order finding person unsuitable to serve as executor). A court
abuses its discretion when its actions are unreasonable or arbitrary or are without
reference to any guiding rules or principles. Saldarriaga v. Saldarriaga, 121 S.W.3d 493,
497 (Tex. App.-Austin 2003, no pet.). However, when an issue involves only a question
of law, we review that determination de novo. Epstein, 175 S.W.3d at 807.

B. Amy and Lynn are Heirs at Law

 Duane argues in his first sub-issue that the trial court erred in splitting Raymond's
entire estate evenly between Amy and Lynn. At the outset, we must determine whether
Amy and Lynn are heirs at law. Section 38(b) of the probate code, which is titled "Persons
Who Take Upon Intestacy," sets forth the descent and distribution scheme for a decedent's
real, personal, and mixed property where decedent leaves a surviving spouse. Tex. Prob.
Code Ann. § 38(b) (Vernon 2003). It provides that:

If the deceased have a child or children, or their descendants, the surviving
husband or wife shall take one-third of the personal estate, and the balance
of such personal estate shall go to the child or children of the deceased and
their descendants. The surviving husband or wife shall also be entitled to an
estate for life, in one-third of the land of the intestate, with the remainder to
the child or children of the intestate and their descendants.


Id. § 38(b)(1). 

 The affidavits of Frank Conkey and Duane state that Raymond had only one child,
Lynn, and that he was married to Amy Conkey. Amy and Lynn are therefore heirs at law. 
Because Lynn is Raymond's only child, she is entitled to two-thirds of the personal estate
and all of the real property, subject to Amy's life estate in one-third of the land. Id. The
order that the trial court entered does not reference personal and real property. 
Additionally, we note that the probate court's order does not make reference to Amy and
Lynn's places of residence or their shares in Raymond's real and personal property. See
id. at § 54 (Vernon 2003) ("The judgment of the court in a proceeding to declare heirship
shall declare the names and places of residence of the heirs of the decedent, and their
respective shares and interest in the real and personal property of such decedent"). 
Duane's first sub-issue is sustained.

C. Lynn is Entitled to All of Raymond's Interest in the Community Estate

 By his third sub-issue, Duane argues that the probate court erred in not granting 
Raymond's entire interest in the community estate to Lynn. Section 45(b) of the probate
provides that:

On the intestate death of one of the spouses to a marriage, if a child or other
descendant of the deceased spouse survives the deceased spouse and the
child or descendant is not a child or descendant of the surviving spouse,
one-half of the community estate is retained by the surviving spouse and the
other one-half passes to the children of descendants of the deceased
spouse.


Tex. Prob. Code Ann. § 45(b) (Vernon 2003). Because Lynn is not Amy's child or
descendant, Lynn is entitled, under section 45(b) of the probate code, to a one-half interest
in the community estate or, in other words, Raymond's interest in the community estate. 
Id. The order in this case does not make any mention of Raymond's interest in the
community estate. Duane's third sub-issue is sustained.

D. Raymond's Will Does Not Disinherit Amy

 By his second sub-issue, Duane ostensibly argues that Raymond's will should be
read to disinherit Amy if she fails to survive him by sixty days. We disagree with Duane's
reading of the will and his application of this state's intestacy statutes.

 A plain reading of Raymond's will reveals an intent to have his estate distributed
using Texas's descent and distribution statutes. We are well aware that the mere making
of a will is evidence that the testator had no intent to die intestate and creates a
presumption that the testator intended to dispose of his entire estate. Haile v. Holtzclaw,
414 S.W.2d 916, 922 (Tex.1967). In construing a will, however, the court must ascertain
and enforce the intent of the testator, using the language within the will to determine the
intent. See Shriner's Hosp. for Crippled Children of Tex. v. Stahl, 610 S.W.2d 147, 151
(Tex. 1980). Raymond's will clearly states that if Amy does not survive him by sixty days
he leaves his, "entire estate to those persons who are my heirs at law and next of kind,
according to the statutes of descent and distribution in force in Texas at the time of my
death." While the making of a will normally creates the presumption that a testator
intended to dispose of his property, in the instant case the clear intent of the testator was
to use the intestacy statutes.

 It is undisputed that Amy was married to Raymond at the time of his death and that
Amy did not survive Raymond by sixty days. What Duane disputes is the probate court's
reading of the sixty-day survival period of the disposition provision. Duane argues that the
survival period coupled with Raymond's mandate to distribute his estate according the
descent and distribution statues evidences an intent to disinherit Amy if she fails to survive
Raymond by sixty days. Duane's disinheritance argument fails for two reasons.

 First, Duane asks us to read language into the will that is not already there. In
construing a will, the court must focus on the testator's intent. San Antonio Area Found.
v. Lang, 35 S.W.3d 636, 639 (Tex. 2000). In so doing, "the intent must be drawn from the
will, not the will from the intent." Id. at 640. The testator's intent must be ascertained from
the language found within the four corners of the will. Stahl, 610 S.W.2d at 151. 
Therefore, when the intent of the testator is apparent on the face of the will, extrinsic
evidence is not admissible to show a contrary meaning. Kirk v. Beard, 162 Tex. 144, 345
S.W.2d 267, 273 (1961). In determining the testator's intent, the court focuses not on what
the testator intended to write, but the meaning of the words actually used. Lang, 35
S.W.3d at 639. In this light, courts must not redraft wills to vary or add provisions "under
the guise of construction of the language of the will" to reach a presumed intent. Stahl,
610 S.W.2d at 151.

 Duane's reading of the disposition provision does not comport with the plain
language within the four corner's of Raymond's will. Duane's interpretation of the
disposition provision is as follows: 

I give, devise and bequeath all of my estate to my wife, AMY ANN CONKEY,
provided that she survives me by sixty (60) days. If my wife does not survive
for that period of time, then I devise and bequeath my entire estate to those
persons who are my heirs at law and next of kin except for Amy Ann
Conkey if she does not survive me by sixty (60) days, according to the
statutes of descent and distribution in force in Texas at the time of my death,
in the same shares of portions in which such persons would take according
to the provision of such statutes of descent and distribution with respect to
each type of property being distributed. (interlineations added).


This reading is contrary to the plain language of the will. The language of Raymond's will
dictates that if Amy does not survive him, then the descent and distribution statutes shall
determine who inherits his estate. The survival requirement under the descent and
distribution scheme is 120 hours. Tex. Prob. Code Ann. § 47(a) (Vernon 2003). 
Therefore, Amy is an heir at law because she survived Raymond by 120 hours. Id. 

 Second, in order to disinherit an heir, a testator must effectively dispose of his
property to another devisee under the provisions of his will. Najvar v. Vasek, 564 S.W.2d
202, 207 (Tex.Civ.App-Corpus Christi 1978, writ ref'd n.r.e.). As stated many years ago
by the supreme court:

The right of the heir is defeated only by a substitution of some person to take
in his place, and not by a declaration, or express intention, that he shall not
take. Hence, though the heir is expressly disinherited, as if a man by his will
should declare that his heirs or next of kin shall have no part of his estate,
and not direct who shall have it, still the heir would take, not under the will,
but under the law; for there must be in the will a devisee, to supplant the heir.
. . .


Philleo v. Holliday, 24 Tex. 38, 42 (Supp. 1859). Raymond's will did not leave an
alternative beneficiary. Instead, it left Raymond's estate to his heirs at law. Duane's
second sub-issue is without merit.

 Duane's sole issue, however, is sustained.

 III. CONCLUSION

 The judgment of the probate court is reversed and the case is remanded so that an
order declaring heirship can be entered as follows: 

 (1) Amy Ann Conkey, surviving spouse of Raymond Conkey ("the decedent'), is
entitled to 


 (a) a life estate in one-third of the decedent's real property, 

 (b) one-third of the decedent's personal property, and 

 (c) none of the decedent's one-half interest in community estate, but she
retains her one-half interest in the community estate; 


 (2) Lynn Jansen (formerly known as Lynn Conkey), the daughter of the decedent,
is entitled to 


 (a) all of the decedent's real property, subject to the surviving spouse's
life estate,


 (b) two-thirds of the decedent's personal property, and

 (c) all of the decedent's one-half interest in the community estate.

Tex. R. App. P. 43.3. 

 Furthermore, the case is remanded to the trial court so that the places of residence
of Raymond's heirs may be placed in the order and for further probate proceedings, if
necessary, consistent with this opinion. See Tex. Prob. Code Ann. § 54; see also Logan
v. McDaniel, 21 S.W.3d 683, 688 (Tex. App.-Austin 2000, pet. denied) (noting that a
probate proceeding consists of a continuing series of events in which the probate court
may make decisions at various points in the administration of the estate on which later
decisions will be based).



 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.