Opinion issued March 13, 2008
















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00041-CV






SHARON SWANK BACKHUS; BENJAMIN F. SWANK, III; SHANNON
LEA WERCHAN PICKERING; SWANK TURNER BACKHUS;
BENJAMIN FONTAINE SWANK, IV; CHRISTIAN HARRIS SWANK;
AND SUZANNE SWANK PORTER, Appellants


V.


HAVEN LYNN WERCHAN WISNOSKI AND SHANE ALAN WERCHAN,
Appellees






On Appeal from the 12th District Court

Grimes County, Texas

Trial Court Cause No. 30424






MEMORANDUM OPINION

 This is an appeal from a declaratory judgment action. Appellants sought a
judicial declaration that the partition of certain lands inherited by life tenants, Sharon
Swank Bacchus and Benjamin F. Swank, III ("B. F."), was valid and binding on all
parties. Appellants challenge the trial court's denial of their request for declaratory
judgment in two issues: (1) Is the partition made by Sharon Swank Bacchus and B. F.
Swank, III valid and binding on all persons? and (2) Did the will of E. W. Harris
especially grant the right of partition to Sharon Swank Backhus and B. F. Swank, III?

 We affirm.

Background


 The facts in this case are not disputed. This case involves the construction of
the will of E. W. Harris, the grandfather of Sharon Swank Backhus and B. F. Swank,
III. The parties agree that Harris's will was probated in Grimes County in November
1962. In his will, Harris devised life estates in certain lands to his grandchildren,
Sharon Swank Backhus and B. F. Swank, III, both of whom are the children of Ida
Mae Cunningham Swank. Specifically, paragraph "Eighteenth" provides:

 I give and bequeath (subject to the provisions of paragraphs
TWENTIETH AND TWENTY-FIRST of my said will) unto my
granddaughter, Sharon Swank, for and during her natural life a one-half
undivided interest in and to all the rest and residue of the lands of which
I may die seized and possessed, she, the said Sharon Swank, to have the
use and benefit of said lands during her said natural life and, at her
death, the title to said lands shall vest as provided in paragraph
TWENTIETH of my said will.


In paragraph "Nineteenth," Harris devised a similar life estate to Sharon's brother:

 I give and bequeath (subject to the provisions of paragraphs
TWENTIETH AND TWENTY-FIRST of my said will) unto my
grandson, B. F. Swank, III, for and during his natural life a one-half
undivided interest in and to all the rest and residue of the lands of which
I may die seized and possessed, he, the said B. F. Swank, III, to have the
use and benefit of said lands during his said natural life and, at his death,
the title to said lands shall vest as provided in paragraph TWENTIETH
of my said will.


 Paragraph "Twentieth" prohibits the sale or encumbrance of the lands
bequeathed in paragraphs 18 and 19, prior to the vesting of fee simple title in those
lands to the heirs of Sharon and B. F., which will occur on the death of the last of
them. It also provides for alternate dispositions if Sharon or B. F. dies before Harris
without "heirs of the body."

Twentieth


 In connection with the bequests, and each of them, set forth in
EIGHTEENTH AND NINETEENTH hereinbefore, it is my will, and I
do especially direct, that none of said lands shall be sold, nor
encumbered, nor the interest of any person entitled thereto under this
will, sold, or encumbered, prior to the vesting of the fee simple title
thereto said lands as provided herein this paragraph, which fee simple
title it is my will shall not vest in any beneficiary hereunder said
paragraph until the death of the last surviving child of the said Ida Mae
Cunningham Swank as survives me.


 It is my further will, and I do direct, that should the said Sharon Swank
or B. F. Swank, III, as the case may be, be survived by an heir of the
body, then said surviving heir (or heirs) of said pre-deceased child, or
the heirs of the body then living of such pre-deceased child, shall take
and hold the same interest as would have gone to the parent under and
by virtue of any paragraph hereinbefore mentioned, said surviving child,
or the heir, or heirs as the case may be, of the body of any pre-deceased
child, thereupon the death of said last surviving child of the said Ida
Mae Cunningham Swank as survives me to have and to take the fee
simple title thereto said lands and premises, share and share alike and
per stirpes, pending which event (that is the death of said last surviving
child of said Ida Mae Cunningham Swank as survives me) they shall
have the use and benefit of said lands and premises in proportion to their
respective interest and with the right hereby especially granted of 
partition thereof said lands and premises of said respective interests,
which partition I direct shall be binding upon any and all persons as may
take hereunder this will or through any party to such partition.


 It is my will and desire, and I so direct, that in the event the said Sharon
Swank or the said B. F. Swank, III be survived by no heir of the body,
then, in such event the interest in the lands heretofore bequeathed to
him, or her as the case may be, shall go to and vest in the survivor of the
said Sharon Swank or B. F. Swank, III, and upon the death of the last
surviving child of the said Ida Mae Cunningham Swank as survive me,
the fee simple title in and to said lands shall go to and vest in the heirs
of the body of the said Sharon Swank or B. F. Swank, III, as the case
may be, such to take the same share and share alike and per stirpes; but
in the event neither the said Sharon Swank nor B. F. Swank, III be
survived by an heir of the body, but are survived by Ida Mae
Cunningham or B. F. Swank, Jr., then the fee simple title in and to said
lands and premises mentioned in said paragraphs EIGHTEENTH and
NINETEENTH hereinbefore this will shall go to and vest in the said Ida
Mae Cunningham Swank and B. F. Swank, III [sic], or the survivor of
them; but in the event neither the said Ida Mae Cunningham Swank nor
B. F. Swank, Jr. so survive, then in such event, the said lands and
premises shall go to and vest in and become a part of the Trust Account
mentioned under paragraph TWELFTH hereinof this will.


 I further direct that in the event either the said Sharon Swank, B. F.
Swank, III, or any beneficiary mentioned, or taking, hereunder this
paragraph be under the age of twenty-five (25) years at my death, the
interest of such beneficiary shall be held, managed and operated by B. F.
Swank, Jr., if living, otherwise by Ida Mae Cunningham Swank, as
Trustee without requirement of bond until said beneficiary shall have
reached the age of twenty-five (25) years; said Trustee expending for the
benefit of said beneficiary such amounts of the net proceeds of the
management of such interest as such Trustee deems proper from time to
time, delivering the balance of such Trust Account to said beneficiary
upon such attaining the age of twenty-five (25) years.


 The parties dispute the meaning of the second sentence of Paragraph
"Twentieth," which involves the right to partition. In 2006, Sharon and her brother
B. F. signed reciprocal partition deeds that partitioned the 2622.5 acres devised in
their grandfather's will as nearly equally as they could determine, according to tax
assessments. The partition deeds state as consideration that Sharon and B. F. (as
grantor and grantee or vice versa) agree to partition: 

 . . . the 2,622.5 acres of land, more or less, which passed under [Harris's will]
by Deed so as to effect by separate instruments of conveyance, a partition of
said 2,622.5 acres of land in a manner so that each of the Parties hereto, their
heirs, personal representatives, successor and assigns shall henceforth own and
hold title to the land which the parties have mutually agreed to partition and
which is described in each of two Partition Deeds.


After they signed the partition deeds, Sharon and B. F. asked their children to ratify
the deed. All but two, the appellees, did so.

 Because appellees would not ratify the partition deed, appellants petitioned for
a declaratory judgment seeking a declaration that Harris's will gave Sharon and B. F.
the right to partition the lands in question, that such a partition would be binding on
all parties, that the partition they made is binding on all parties, and that the partition
deeds are valid and enforceable. The trial court denied appellants' request for
declaratory judgment and issued findings of fact and conclusions of law, in which the
trial court concluded that the will provision at issue was not ambiguous and that the 
word "they" in paragraph 20 did not refer only to Sharon and B. F.

Standard of Review

 We review declaratory judgments under the same standards as other judgments
and decrees. Rollins v. Am. Express Travel Related Servs. Co., 219 S.W.3d 1, 3 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). Because the construction of a will is a
question of law for the trial court, we review the trial court's judgment de novo. 
Hurley v. Moody Nat'l Bank of Galveston, 98 S.W.3d 307, 310 (Tex. App.--Houston
[1st Dist.] 2003, no pet.); see Epstein v. Hutchison, 175 S.W.3d 805, 807 (Tex.
App.--Houston [1st Dist.] 2004, pet. denied).

Voluntary Partition

 Common owners of land may voluntarily effect a partition, which segregates
their possession and use. Bunting v. McConnell, 545 S.W.2d 30, 31 (Tex. Civ.
App.--Houston [1st Dist.] 1976, no writ); Houston Oil Co. v. Kirkindall, 136 Tex.
103, 109, 145 S.W.2d 1074, 1077 ( 1941). (1) This includes life estates. See Morris v.
Morris, 99 S.W.2d 872, 874 (Tex. Civ. App.--Galveston 1907, no writ). "A partition
of real property involving an owner of a life estate or an estate for years and other
owners of equal or greater estate does not prejudice the rights of an owner of a
reversion or remainder interest." Tex. Prop. Code Ann. § 23.003 (Vernon 2000). 
Because partition affects only the right to possession, it does not confer or convey
title of the property, and it merely dissolves the tenancy in common. Dierschke v
Cent. Nat'l Branch of First Nat'l Bank, 876 S.W.2d 377, 379-80 (Tex. App.--Austin
1994, no writ); Bunting, 545 S.W.2d at 31; Tex. Prop. Code Ann. § 23.004(c)
(Vernon 2000). Thus, life tenants cannot voluntarily grant each other fee simple title
in property to which they hold only a life estate, as no higher estate can be acquired
by partition. Tieman v. Baker, 63 Tex. 641 (1885); Dierschke, 876 S.W.2d at 379-80;
Luker v. Luker, 226 S.W.2d 482, 483 (Tex. Civ. App.--Eastland 1949, no writ);
Evans v. Graves, 166 S.W.2d 955, 958-59 (Tex. Civ. App.--Dallas 1942, writ ref'd
w. o. m.).

 In their first issue, appellants ask, "Is the partition made by Sharon Swank
Bacchus and Benjamin F. Swank, III valid and binding on all persons? The partition
deeds executed by Sharon and B. F. purport to partition fee simple title in the lands
to which each owns only a life estate in an undivided 1/2 interest. Because these
deeds purport to partition a higher estate than what Sharon and B. F. owned as
cotenants, the partitions are not valid. See Tieman, 63 Tex. at 641; Dierschke, 876
S.W.2d at 379-80; Luker, 226 S.W.2d at 483; Evans, 166 S.W.2d at 958-59.

 We overrule appellants' first issue.

Will Construction

 "The basic principle in construing a will is to ascertain the intent of the
testator." Hancock v. Krause, 757 S.W.2d 117, 119 (Tex. App.--Houston [1st Dist.]
1988, no writ). If the language of the will is unambiguous and plainly expresses that
intention, it is unnecessary for the court to apply the technical rules of construction;
rather, the court is confined to a mere legal interpretation and enforcement of the
testator's intention. Id. (citing Silverthorn v. Jennings, 620 S.W.2d 894, 896 (Tex.
Civ. App.--Amarillo 1981, writ ref'd n.r.e.)). To determine the testator's intent, we
consider the whole instrument and, if possible, harmonize every provision of the will
with all others to give the will its proper effect. Id. at 119-20 (citing Republic Nat'l
Bank v. Fredericks, 155 Tex. 79, 283 S.W.2d 39 (1955)).

 A will is not effective until the death of the testator, and a devise will lapse if
the devisee dies before the testator, so testators often include alternate dispositions,
in case a beneficiary dies before the testator. See Coleman v. Jackson, 126 S.W.
1178, 1179-80 (Tex. Civ. App.--San Antonio 1910, writ ref'd). Reference to death
of devisee when coupled with a provision for an alternate beneficiary is usually
construed to mean death prior to that of the testator. Austin Presbyterian Theological
Seminary v. Moorman, 391 S.W.2d 717, 722 (Tex. 1965). Similarly, a person's heirs
are not determined until his or her death. See Tex. Prob. Code Ann. §§ 3, 37
(Vernon 2003 & Vernon Supp. 2007).

 In their second issue, appellants ask, "Did the will of E. W. Harris especially
grant the right of partition to Sharon Swank Backhus and B. F. Swank, III?" 
Appellants argue that Harris's will grants Sharon and B. F. the right to partition the
land. Appellees argue that the same provision in the will grants Harris's
great-grandchildren (Sharon's and B. F.'s children) the use and benefit of the land
and the right to partition it, with such partition binding on whomever eventually
survives Sharon and B. F. Neither construction comports with the plain meaning
evident in the will itself.

 In paragraphs "Eighteenth" and "Nineteenth,"Harris's will clearly gave Sharon
and B. F. each a life estate in a "one-half undivided interest in" certain lands. In the
first part of the disputed sentence, Harris makes an alternate disposition of the life
estates: 

 It is my further will, and I do direct, that should the said Sharon Swank
or B. F. Swank, III, as the case may be, be survived by an heir of the
body, then said surviving heir (or heirs) of said pre-deceased child, or
the heirs of the body then living of such pre-deceased child, shall take
and hold the same interest as would have gone to the parent under and
by virtue of any paragraph hereinbefore mentioned . . . .


(Emphasis added). 

 The words "pre-deceased child" refer to the possibility that either Sharon or B.
F. might have died before Harris. The paragraphs "hereinbefore mentioned" were
paragraphs "Eighteenth" and "Nineteenth," in which Harris gave his two
grandchildren life estates, and the life estate is the "same interest as would have gone
to the parent." Thus, this part of the will grants that if either B. F. or Sharon died
before Harris, his or her surviving children would take the life estate their parent
would have inherited in paragraph "Eighteenth" or "Nineteenth."

 The entirety of the sentence the parties dispute is premised on either Sharon or
B.F. dying before Harris. The antecedent of the pronoun "they" in the phrase
devising the right to partition refers to "said surviving child, or the heir, or heirs as
the case may be, of the body of any pre-deceased child." 

 . . . said surviving child, or the heir, or heirs as the case may be, of the
body of any pre-deceased child, thereupon the death of said last
surviving child of the said Ida Mae Cunningham Swank as survives me
to have and to take the fee simple title thereto said lands and premises,
share and share alike and per stirpes, pending which event (that is the
death of said last surviving child of said Ida Mae Cunningham Swank
as survives me) they shall have the use and benefit of said lands and
premises in proportion to their respective interest and with the right
hereby especially granted of partition thereof said lands and premises
of said respective interests, which partition I direct shall be binding
upon any and all persons as may take hereunder this will or through any
party to such partition. 


(Emphasis added).


 Both Sharon and B. F. survived Harris. Therefore, this paragraph does not
apply, and we reject appellants' construction. Both are still alive, and therefore, they
do not yet have heirs. We likewise reject appellees' construction. We conclude that
this paragraph does not apply to or govern the current situation. 

 We overrule appellants' second issue.

Conclusion

 We affirm the judgment of the trial court.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.
1. The Property Code also provides for a judicial partition, "A joint owner or claimant
of real property or an interest in real property or a joint owner of personal property may
compel a partition of the interest or the property among the joint owners or claimants." Tex.
Prop. Code Ann. § 23.001 (Vernon 2000).