# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00388-CV

**Jimmie Luecke Children Partnership, Ltd., Appellant**

**v.**

**Elaine Pruncutz, John Pruncutz and Amy Peters, Appellees**

**FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 11,936, HONORABLE DON B. MORGAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellees Elaine Pruncutz, her husband John Pruncutz, and her daughter Amy Peters (collectively, "Pruncutz") filed suit seeking to have a 525.39-acre tract of land partitioned in kind between their interests and the interest owned by appellant, the Jimmie Luecke Children Partnership, Ltd. ("the Partnership"). After Pruncutz moved for a no-evidence summary judgment, the trial court granted summary judgment determining the ownership interests of the parties, finding that the property was susceptible to partition in kind, and ordering that Elaine Pruncutz's share of the property should include the house located on the property, in which she had lived since 1980 and which she and her husband claimed as their homestead. The Partnership appeals, arguing that it presented evidence raising a fact issue as to whether the property is susceptible to partition in kind

and that the issue of partitionability should be determined by a jury. We affirm the trial court's judgment.

**Background**

The parties agree on the facts underlying this dispute. Elaine Pruncutz and her late husband Bernard Peters bought the property in 1973. Improvements on the property include a house in which Elaine has lived since 1980, stock pens, and corrals. In 1983, Elaine and Bernard conveyed a 50% interest in the property to Jimmie Luecke, who later conveyed that interest to the Partnership. In 1988, Elaine and Bernard conveyed a 12.5% interest to their son, Timothy Peters, who in turn conveyed his interest to his sister, Amy Peters. After Bernard died in 1995, ownership of the property passed to Elaine. Elaine later married John Pruncutz. Her 37.5% interest in the property is her separate property, but she and John Pruncutz live in the house and have made it their homestead. The Partnership uses the property for a cattle operation, and the parties receive income from roadway agreements with oil and gas companies that have operations on the property. The parties agree that the Partnership owns a 50% interest, Elaine Pruncutz owns a 37.5% interest, and Amy Peters owns a 12.5% interest. The only dispute is whether the property is susceptible to partition in kind, as argued by Pruncutz, or must be partitioned by sale, as argued by the Partnership.

In July 2001, Pruncutz filed a petition to partition the property in kind. After discovery was conducted, Pruncutz moved for summary judgment asserting the right to partition and contending that there was no evidence that the land was not susceptible to partition in kind. Pruncutz argued that the Partnership, which opposed in-kind partition and would have the burden of proof at

2

trial to show that the property is not susceptible to partition in kind, failed to produce evidence on the issue. The trial court granted summary judgment in favor of Pruncutz, finding that the Partnership owns a 50% undivided interest in the property and that the appellees together own an undivided 50% interest consisting of a 37.5% interest owned by Elaine Pruncutz and a 12.5% interest owned by Amy Peters. The court further found that Elaine's homestead includes the house and ordered that Elaine's share of the property should include the house. The court found that the property is susceptible to partition in kind and appointed three commissioners to partition the property in accordance with the percentage interest owned by each party. On appeal, the Partnership does not dispute the ownership interests of the parties or the homestead claim of Elaine Pruncutz. Its sole issue is that the trial court erred in finding the property susceptible to partition in kind.

**Standard of Review**

A "no-evidence" summary judgment is essentially a pretrial directed verdict. *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). The movant for a no-evidence summary judgment need not prove her right to judgment as a matter of law on a claim or defense, but instead simply asserts that there is no evidence of one or more essential elements of a claim or defense on which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). We review a trial court's grant of summary judgment by considering the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751. A no-evidence summary judgment is properly granted if the non-movant does not produce more than a scintilla of

3

probative evidence raising an issue of material fact as to an essential element of a claim on which the non-movant would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists when the evidence supporting a finding would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch*, 118 S.W.3d at 751. Conversely, less than a scintilla of evidence exists when the evidence does no more than create a surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.* The non-movant need not "marshal its proof," but it must point to evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i) cmt.

The property code allows a joint owner or claimant of an interest in a piece of real property to "compel a partition of the interest or the property among the joint owners or claimants," Tex. Prop. Code Ann. § 23.001 (West 2000), and that right to partition is absolute. *Moseley v. Hearrell*, 171 S.W.2d 337, 338 (Tex. 1943); *Dierschke v. Central Nat'l Branch of First Nat'l Bank*, 876 S.W.2d 377, 380 (Tex. App.—Austin 1994, no writ). When the right to partition is invoked, the trial court must determine the interest owned by each owner, any questions of law or equity, and whether the property is susceptible to partition. Tex. R. Civ. P. 760, 761. If the court finds that a fair and equitable partition can be made, the court should order the partition, specifying each party's interest, and appoint disinterested commissioners to divide the property in accordance with those interests. Tex. R. Civ. P. 761. If partition in kind would be unfair or inequitable, the property shall be sold and the proceeds divided according to the parties' respective shares. Tex. R. Civ. P. 770.

The law favors partition in kind over partition by sale. *Cecola v. Ruley*, 12 S.W.3d 848, 853 (Tex. App.—Texarkana 2000, no pet.). However, a party opposing partition need not show

4

that land is physically incapable of partition. *See id*. at 855. Rather, the presumption in favor of partition in kind may be overcome by evidence that the opposing party would incur substantial economic loss because the value of its divided share would be materially less than its share of the undivided whole. *Id*.

## Discussion

Partition in kind is favored over partition by sale, and the party opposing in-kind partition has the burden of proof on this issue at trial. *Id.* at 853-54. Therefore, to defeat Pruncutz's no-evidence motion for summary judgment, the Partnership was required to produce enough evidence to allow reasonable minds to differ on whether a fair and equitable division of the property could be made.

The Partnership offered as evidence two of its responses to Pruncutz's discovery requests and the affidavit of Jimmie Luecke. Pruncutz correctly notes that the Partnership's answers to a request for disclosure and to interrogatories may not serve as summary judgment evidence. *See* Tex. R. Civ. P. 197.3 (answers to interrogatories may only be used against responding party); *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1999) (same); *Jeffrey v. Larry Plotnick Co.*, 532 S.W.2d 99, 102 (Tex. Civ. App.—Dallas 1975, no writ) (answers to requests for admissions and interrogatories can be used only against responding party). Therefore, only Luecke's affidavit remains as possible evidence defeating Pruncutz's motion for summary judgment.

In his affidavit, Luecke asserts five arguments against partition in kind: (1) limited access to one of the halves would result in a diminution in the value of the inaccessible tract; (2) the

5

roadway agreements with oil and gas companies would result in an inequitable division of the two tracts; (3) investments made by Pruncutz to the house and investments made by the Partnership in the form of cattle pens and corrals would make partition in kind "impractical" and "would result in a diminution in the value of the two tracts"; (4) the highest and best use of the property would be to maintain it as one large tract; and (5) oil and gas production wells located on various parts of the land make the fair division of the surface estate "together with the minerals . . . an impossibility." However, as summary judgment evidence, Luecke's affidavit is defective because it presents his subjective beliefs and conclusions without providing supporting facts. *See Texas Div.-Tranter*, *Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) ("Carrozza's subjective beliefs are no more than conclusions and are not competent summary judgment evidence."); *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("A conclusory statement is one that does not provide the underlying facts that support the conclusion. Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions.").

For each of his points, Luecke fails to provide facts supporting his conclusions. Luecke asserts that because of limited access to the property, "partition into two tracts would result in diminution in value to one of the tracts," but does not point to any evidence that the land cannot be divided in such a way that both parties retain access.[1] The same defect applies to the issues related to the roadway agreements and oil and gas wells and to Luecke's assertion that because of

---

[1] The Texas Property Code provides that commissioners shall grant a nonexclusive access easement to allow for ingress and egress among partitioned tracts, which suggests that access issues have been resolved by statute and do not, without more, impair the ability to partition in kind. *See* Tex. Prop. Code Ann. § 23.006(a) (West Supp. 2004-05).

the "size and location" of the property, the "highest and best use" of the land would be to maintain it as one large tract. The affidavit claims that "any partition which attempted to divide the acreage would result in a disproportionate compensation to the acreage which received the roadways" but presents no facts to support this conclusion. The affidavit does not describe the location of the roadways or the wells[2] or indicate why these characteristics necessarily prevent the 525-acre property from being divided equitably. In *Cecola*, the party opposing in-kind partition offered an expert's report to explain how limited access and the small size and limited usefulness of the property supported his conclusion that in-kind partition was impracticable and that the "highest and best use" of the property was to maintain it as one undivided tract.[3] *See* 12 S.W.3d at 854-56. In this case, however, Luecke's affidavit merely asserts that partition in kind would result in limited access that would materially affect the value of the divided property and invites only surmise as to why the "size and location" of the property leads to the conclusion that its highest and best use is to remain as one

---

[2] Further, we note that the mineral rights are not at issue in this suit. In making its ruling, the trial court stated that the property affected by the judgment is the surface estate only.

[3] The parties in *Cecola* each owned an undivided 50% interest in a .257-acre strip of land 40 feet wide by 280 feet long. *Cecola v. Ruley*, 12 S.W.3d 848, 851 (Tex. App.—Texarkana 2000, no pet.). A surveyor testified that because of the property's narrow dimensions, it was incapable of yielding two economically viable units. *Id*. at 855. The surveyor testified that the highest and best use was to sell it to the adjoining, landlocked property owner. *Id*. at 854. The expert further testified that the value of the undivided property was worth $1,250 to $2,500, whereas the divided tracts would have no value. *Id*. at 856. Following *Cecola*, this Court recently upheld a trial court's ruling that a 100-acre property was not subject to partition in kind among 31 heirs, some with shares as small as 1/728th of the whole. *Taylor v. Hill*, No. 03-03-00540-CV, 2004 Tex. App. LEXIS 5747, at *1 (Austin July 1, 2004, no pet.) (memo. op.). As in *Cecola*, partition in kind was shown under the facts to be materially unfair, and requiring a partition in kind would deprive the smallest interest holders of any value in their inheritance. *Id*. at *9.

525-acre unit. Because Luecke fails to provide any specifics to support his assertions, the affidavit, the Partnership's sole piece of evidence, is not competent summary judgment evidence.[4]

Even if we were to consider the affidavit as competent summary judgment evidence, the Partnership has not met its burden of raising a genuine issue of fact on the issue of partitionability. Luecke's affidavit leads not to a conclusion or even a surmise that the property is not susceptible to being partitioned in kind but instead leads merely to a conclusion that a fair partition would need to take certain matters of equity into account (*e.g.*, the value of the roadway agreements and the relative values of the Pruncutz homestead and the cattle pens and corrals).[5] Luecke claims in his affidavit that "[a] division of property which attempted to permit [Pruncutz] to retain her interest in the claimed homestead and one-half of the property would be a materially unfair division of property." Luecke and the Partnership suggest that the partition into two fifty-percent shares would require the court to divide the *acreage* in half, which, considering the value of the homestead and other improvements, might result in the Partnership's portion being substantially diminished in value. However, the procedure for partitioning property in kind allows

---

[4] The Partnership correctly notes that as non-movant, it is not required to "marshal" its proof, but it must "point out" evidence raising a fact issue to defeat a no-evidence motion. Tex. R. Civ. P. 166a(i) cmt.; *see Perez v. Blue Cross Blue Shield of Tex., Inc.*, 127 S.W.3d 826, 832 (Tex. App.—Austin 2003, pet. denied).

[5] The Partnership, citing *Rayson v. Johns*, notes that the issue of whether land can be fairly partitioned is a question to be determined by a finder of fact after a full evidentiary hearing. 524 S.W.2d 380, 382 (Tex. Civ. App.—Texarkana 1975, writ ref'd n.r.e.). However, the right to have a jury determine that question presupposes that the evidence "is conflicting or admits of more than one inference." *Id*. In *Rayson*, the party opposing partition in kind offered evidence that the tract was not susceptible to a fair division in kind, thus raising a fact issue. *Id*. at 383. Here, the Partnership has not offered any evidence raising an issue as to the equity of partition in kind.

a court and commissioners to take all issues of value and equity into consideration when dividing land among parties. *See* Tex. R. Civ. P. 760, 768 (commissioners shall divide property into appropriate number of shares, "having due regard in the division to the situation, quantity and advantages of each share, so that the shares may be equal in value, as nearly as may be to the respective interests of the parties entitled").

The district court instructed the commissioners to divide the property according to the shares of the parties, not by lot. Following the instructions of the court, the commissioners have the authority to determine how to partition a property so as to equalize the value of the parties' shares. *See Yturria v. Kimbro*, 921 S.W.2d 338, 343 (Tex. App.—Corpus Christi 1996, no writ) ("Matters of valuation concerning the property itself and objective considerations concerning the best manner of dividing the property in accordance with the instructions given [by the court] while retaining the highest value for the partitioned tracts, are entrusted to the commissioners and not the judge or jury."). If, after the commissioners make a determination, the Partnership feels aggrieved by the manner in which the property has been partitioned, it may appeal the commissioners' report. Tex. R. Civ. P. 771; *Yturria*, 921 S.W.2d at 344. Thus, the Partnership's concerns seem premature. Rather than providing a scintilla of evidence to show the property cannot be fairly and equitably divided, the Partnership through Luecke's affidavit merely lists factors, unsupported by facts, that should be considered by the commissioners in assessing and equalizing the value of the two tracts. The Partnership could raise these issues in objections to the commissioners' recommendations, but at this time, it has not offered probative evidence that partition in kind would result in a substantial diminution in the value of the property.

9

## Conclusion

The Partnership failed to provide more than a scintilla of evidence that partitioning the property in kind would result in substantial economic loss or materially impair the value of the land. Therefore, we overrule its issue and affirm the trial court's summary judgment.

_____
David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 21, 2005

10